WILLIAM H. HULL *vs.* ARTELL A. HALL and another.

Waldo. Opinion January 28, 1886.

*Master and servant. Defective machinery.*

A master's liability for an injury to his servant caused by defective machinery, furnished by the former for the latter's use, is not absolute.

To render the master liable for an injury to his employee caused by defective machinery furnished by the former for the latter's use, it must appear that the master knew, or by the exercise of proper diligence ought to have known of its unfitness, and that the servant did not know, or could not reasonably be held to have known of the defect.

AN action to recover damages for personal injuries received by the plaintiff April 29, 1881, in the defendants' saw mill in Damariscotta, where he was employed by the defendants in sawing pickets, by reason of alleged defective, unsuitable and unsafe machinery furnished by the defendants. The plaintiff lost all the fingers of one hand by the injury.

At the trial the plaintiff's counsel requested that the following instruction be given to the jury :

" When defendants set plaintiff at work sawing pickets upon their circular saw, they were in duty bound to provide good and sufficient machinery for that purpose, with such safeguards against injury to him in running the saw, as common experience in that business had shown to be necessary, whether the defendants personally knew that such safeguards were necessary or not."

The presiding judge instructed the jury upon the point, as follows :

" Gentlemen : I so instruct you. Upon that point I rule the law as it is claimed by the plaintiff's counsel. To that extent their liability is absolute. When they engage in a business that

requires machinery, they must see to it at their peril that the machinery, which they require their workmen to operate, is reasonably safe. The law does not require extraordinary care to apply to their machines all modern improvements instantaneously, but they must provide such safeguards, they must see that their machinery is provided with such safeguards against injury to their workmen, as is usual in the business; or, as I stated before, they must see to it at their peril that the machinery is reasonably safe."

The verdict was for the plaintiff for nine hundred and thirty-five dollars, and the defendant alleged exceptions to the foregoing instruction.

*A. P. Gould,* for the plaintiff.

The first instruction given to the jury by request of plaintiff's counsel, was correct; especially as explained by the presiding judge. *Buzzell* v. *Linconia Manf'g Co.* 48 Maine, 113; *Lawler* v. *Androscoggin R. R. Co.* 62 Maine, 463; Shearman & Redfield on Negligence, § § 92, 93 and notes; *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572.

It is not necessary to prove that the defendants knew that the lack of a bunker and a splitter, or guard, upon their picket machine was a defect.

The duty is absolute upon an employer of laborers in the use of machinery, to see that the machinery is properly constructed, and provided with the ordinary safeguards against peril to the employee, or such as "common experience in that business had shown to be necessary."

In *Noyes* v. *Smith,* 28 Vt. 59, the plaintiff was in the employ of the defendants as engineer, with a defective fire-box, of which neither plaintiff nor defendants were aware. In consequence of such defect an explosion occurred, by which the plaintiff was injured. The defendants were held liable, because they might have discovered the defect by the exercise of proper care and vigilance.

In *McGatrick* v. *Wason,* 4 Ohio St. 566, THURMAN, C. J., said: "The general rule is, that an employer, who provides the

machinery and controls its operation, must see that it is suitable
and if an injury to the workman happens by reason of a defect
unknown to the latter, and which the employer, by the use of
ordinary care could have cured, he is liable for the injury."

In *Ford* v. *Fitchburg R. R. Co.* 110 Mass. 240, it was held
that " One employed by a railroad corporation to drive a locomo-
tive engine over its road, may recover damages against the
corporation, for personal injuries caused by a defect in the
engine which was due to the neglect of the agents of the cor-
poration charged with keeping the engine in proper repair,
although the directors and superintendent had no reason to sus-
pect negligence or incompetence on the part of such agents."
The negligence of the defendants might have consisted in not
discovering the defects. *Fifield* v. *Northern R. R.* 42 N. H.
225, 235.

In an excellent opinion reported in the Albany Law Journal,
Vol. xxiv, p. 70, in *Cowles* v. *Richmond & Danville R. R. Co.*
84 N. C. the court say : " Every person who admits another into
his employment, whereby constitutes him a servant, is bound
to furnish and maintain such instruments as are suitable to his
work, and as may be used with safety to the person employed.
The law, by implication, makes such a stipulation a part of every
contract for service ; and in proportion as the employment is
hazardous, so is the rigid enforcement of the master's duty."
See also *Hough* v. *Railroad Co.* 10 Otto (100 U. S.), 213 ;
*Holden* v. *Fitchburg R. R. Co.* 139 Mass. 268.

*William H. Fogler,* for the defendants, cited : *Shanny* v.
*Androscoggin Mills,* 66 Maine, 427 ; *Coombs* v. *New Bedford
Cord. Co.* 102 Mass. 586 ; *Sullivan* v. *India M'f'g Co.* 113 Mass.
396 ; *Wheeler* v. *Wason M'f'g Co.* 135 Mass. 298 ; *Buzzell*
v. *Laconia M'f'g Co.* 48 Maine, 113 ; *Hayden* v. *Smithville
M'f'g Co.* 29 Conn. 548 ; *O'Connor* v. *Adams,* 120 Mass.
431 ; *Walsh* v. *Peet Valve Co.* 110 Mass. 25 ; *Ryan* v. *Tarbox,*
135 Mass. 208 ; *Loonan* v. *Brockway,* 3 Robt. (N. Y.) 74.

VIRGIN, J. The verdict having been for the plaintiff, the
question presented by the bill of exceptions is whether the

instructions given at the request of the plaintiff are sufficiently favorable to the defendants.

Without elaborating the variously expressed but universally acknowledged rule of law involved, it is sufficient to say : When the relation of master and servant is created between two persons by a simple mutual agreement, that one of them, at an agreed compensation, shall work for the other in the latter's saw-mill, all the terms of the contract are not expressed, and those not expressed are left to implication. In such case, it is implied among other things, on the part of the master, that he shall use ordinary care and diligence in supplying and maintaining for the servant's use in that more or less hazardous business, such saws and appliances as are reasonably safe. And the correlative implication on the part of the servant is, among other things, that he shall take upon himself the risks which ordinarily attend or are incident to the business in which he thus voluntarily engages.

The implied duty of the master being measured by the legal standard of ordinary care, his knowledge or want of knowledge of the actual condition of the machinery when it falls below the legal standard of being reasonably safe and causes the injury, becomes a material element. *Buzzell* v. *Laconia Man'f Co.* 48 Maine, 113, 122. Hence, although not a complete defence necessarily, it is admissible for the defendant to testify that he had no knowledge or information of its defective condition. *Boyle* v. *Mowry*, 122 Mass. 251. When the master, therefore, does not know of the dangerous condition of the machinery and has exercised that standard of care in relation thereto, he has discharged his duty and there is nothing of which negligence can be predicated. And such is the result of all the cases. Hence writers upon this topic have said : " If the master knew or ought to have known, and the servant did not know, and was not bound to know of its existence, the liability of the master — the servant having been otherwise in the exercise of due care — is fixed. And it is equally true in every case, that unless the master knew of the defect which subsequently produced the injury, or was under a duty of knowing it, he cannot be held liable." 2 Thomp. Neg. 992–3. Or as the same view is expressed

by another : " To render the master liable, it must appear that he knew, or from the nature of the case ought to have known of the unfitness of the means of labor furnished to the servant, and that the servant did not know, or could not reasonably be held to have known of the defect." Beach Con. Neg. § 123.

We are of opinion, therefore, that since knowledge on the part of the master, or its equivalent — negligent ignorance — is essential to hold the master, the first instruction making the master's liability absolute was not sufficiently favorable to the defendants and may have misled the jury. Having no occasion to pass upon the other exception, therefore, the entry must be,

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.