Louisville, etc., Railway Company v. Bates, Admr.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. BATES, ADMINISTRATOR.

[No. 17,357.   Filed Nov. 11, 1896.   Rehearing denied Jan. 12, 1897.]

PLEADING.—*Negligence.—Complaint.*—A general allegation of negligence in a complaint is sufficient to withstand a demurrer for want of facts, unless the contrary appears from the facts pleaded. *p. 566.*

SAME.—*Negligence.—Complaint.—Motion to Make More Specific.*— The defendant may by a motion to make more specific require plaintiff, in an action for personal injuries, to state the specific acts or omissions of the defendant which constitute the negligence relied upon. *pp. 566, 567.*

RAILROADS.—*Must Furnish Reasonably Safe Cars and Other Appliances.—Inspection.*—It is the duty of a railroad company to exercise ordinary care in furnishing reasonably safe cars and other appliances, and also to exercise ordinary care, by inspection and repair, to keep them in reasonably safe condition, so as not to unreasonably expose its employes to unknown and extraordinary hazards. *p. 567.*

SAME.—*Not Required to Furnish Cars and Appliances that are Absolutely Safe.*—A railroad company is not required to furnish cars or appliances that are absolutely safe, or to maintain them in that condition. The company is not an insurer of the safety of the employes against injury. *p. 567*

SAME.—*Impracticable or Unreasonable Tests of Cars and Appliances Not Required.*—A railroad company is not required to resort to tests of cars and other appliances that are impracticable, or unreasonable and oppressive, or which would be incompatible with the proper furtherance of its business. *p. 568.*

SAME.—*Duty as to Inspection of Foreign Cars.*—The duty of a railroad company as to foreign cars received in regular course of business for transportation over its lines is that of exercising ordinary care in inspecting the same to see if they are in reasonably safe condition of repair, and if found to be out of repair, to put them in a reasonably safe condition of repair, or notify its employes of the condition of such cars. A greater degree of care would be required if such cars were old or obviously defective. *pp. 568, 569.*

SAME.—*Receiving Cars of Different Construction.—Negligence.*—A railroad company is not negligent in receiving and passing over its lines cars different in construction from those owned and used by itself, if the same are not out of repair, or in such a defective condition as can be discovered by ordinary care. *p. 570.*

Louisville, etc., Railway Company *v.* Bates, Admr.

SPECIAL VERDICT.—*When it Includes Matters Outside the Issues.*—If the special verdict of the jury includes findings of evidentiary facts, conclusions of law, and matters without the issues, the same are to be disregarded by the court in applying the law to the facts found. *pp. 570, 571.*

RAILROADS.—*Inspection of Foreign Car.—Special Verdict.*—In an action against a railroad company for the death of a brakeman caused by an unknown defect in the couplings of a foreign car, a special verdict found that the couplings were apparently in proper position and in good repair, that the defects were not observable, and that deceased had no notice or reason to think said couplings were in any way out of repair. It was further found that the railroad company maintained a resident car inspector whose duty it was to inspect all cars before placing them in trains of said company at said station; that said inspector made a hurried and superficial test without tools, such test not occupying to exceed five minutes, by which inspection the defects were not discovered; that to have made an efficient and proper inspection and examination would have required fifteen minutes; and with no other inspection said car was ordered into said train. That the defective condition of said couplings could easily have been discovered by a reasonable and ordinary inspection thereof by said inspector if competent to make the same, and that the evidence did not show said inspector to have been competent. *Held,* that the facts found failed to show that the inspection was not made in the usual and ordinary manner and was not such as the requirements and exigencies of commerce will permit. *pp. 571–573.*

SAME.—*Presumption as to Car Inspector's Competency.*—A railroad company is not required to prove that its car inspector was "sufficiently skilled and competent" to act at a particular place. Competency will be presumed until the contrary is shown. *p. 573.*

From the White Circuit Court. *Reversed.*

*E. C. Field* and *W. S. Kinnan,* for appellant.

*Artman & Lewis* and *Davidson & Storms,* for appellee.

MONKS, C. J.—Appellee's intestate, while in appellant's service as brakeman, was killed when in the act of coupling cars upon appellant's road, and this action was brought to recover damages therefor upon the ground that his death was caused by appellant's negligence.

Appellant's demurrer for want of facts to the amended complaint was overruled. After issue was joined the cause was tried by a jury and a special verdict returned.

Appellant moved the court to render judgment in its favor on said verdict, which motion the court overruled and rendered judgment in favor of appellee.

These rulings of the court are severally assigned as error.

The objections urged against the complaint are such as could only be presented by a motion to make more specific.

It has been uniformly held in this State that a general allegation of negligence is sufficient to withstand a demurrer for want of facts, unless the contrary appears from the facts pleaded, and that under such allegation the facts constituting the negligence may be given in evidence. The same rule applies to the averment that the injured party was without fault or negligence. *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *City of Elkhart* v. *Witman,* 122 Ind. 538; *Cleveland, etc., R. W. Co.* v. *Wyant,* 100 Ind. 160; *Hammond* v. *Schweitzer,* 112 Ind. 246; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551, and cases cited; *Town of Rushville* v. *Adams,* 107 Ind. 475, 57 Am. Rep. 124.

It is equally well settled that a defendant in an action for personal injuries is entitled to have the complaint state the specific acts or omissions of the defendant which constitute the negligence relied upon, as well as all the surroundings and existing conditions and what occurred at the time of the injury. *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Pittsburgh, etc., R. W. Co.* v. *Adams, supra; Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526; 54 Am. Rep. 334; *Town of Rushville* v. *Adams, supra; Louisville, etc.,*

*R. W. Co.* v. *Shanklin*, 94 Ind. 297; *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351.

While this is true, it requires a motion to make more specific to obtain such relief, and unless such motion has been made and overruled and proper exception saved, no question can be presented here as.to such matter. The court did not err in overruling the demurrer to the amended complaint.

The special verdict shows that appellant received a car from another company at Frankfort, Indiana, for transportation over its lines, and that appellee was injured while attempting to couple the same to a locomotive on appellant's road.

The first question presented by the motion for a judgment on the special verdict in favor of appellant is as to the liability of railroad companies to employes for injuries occasioned by a defect in foreign cars received only for transportation over its lines.

It is the duty of a railroad company to exercise ordinary care in furnishing reasonably safe cars and other appliances, and also to exercise ordinary care by inspection and repair to keep them in reasonably safe condition, so as not to unreasonably expose its employes to unknown and extraordinary hazards. *Lake Shore, etc., R. W. Co.* v. *McCormick*, 74 Ind. 440; *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50; *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566; *Cincinnati, etc., R. R. Co.* v. *McMullen*, 117 Ind. 439; *Hoosier Stone Co.* v. *McCain, Admr.*, 133 Ind. 231.

The railroad company is not required to furnish cars or appliances that are absolutely safe, or to maintain them in that condition. The company is not an insurer of the safety of the employes against injury. *Indiana Car Co.* v. *Parker*, 100 Ind. 181. *Cincinnati, etc., R. W. Co.* v. *Roesch*, 126 Ind. 445; *Titus* v. *Railroad Co.*, 136 Pa. St. 618, 20 Am. St. 944, 20 Atl.

517; *Washington etc., Railroad Co.* v. *McDade*, 135 U. S. 554, 570, and cases cited.

The company is not liable for injuries caused by hidden defects of which it had no knowledge, and of which it could not have known by the exercise of ordinary care.

The master is only charged with knowledge of that which by the exercise of ordinary care he would have discovered.

He is not required to resort to tests that are impracticable, or unreasonable and oppressive, or which would be incompatible with the proper furtherance of business, and which are only required to insure absolute safety. *Smith* v. *Chicago, etc., R. W. Co.*, 42 Wis. 520; *Grand Rapids, etc., R. W. Co.* v. *Huntly*, 38 Mich. 537, 546, and cases cited; *DeGraff* v. *New York, etc., R. W. Co.*, 76 N. Y. 125; *Lafflin* v. *Buffalo, etc., R. W. Co.*, 106 N. Y. 136, 60 Am. Rep. 433, 12 N. E. 599; *Flood* v. *W. U. Tel. Co.*, 131 N. Y. 603, 30 N. E. 196; *Phila., etc., R. R. Co.* v. *Hughes*, 119 Pa. St. 301, 33 Am. and Eng. R. R. Cases, 348, and note 13 Atl. 286; Wharton on Negligence, p. 213.

If the duty of inspection has been performed with ordinary care and a defect is found afterwards to exist, but not discovered at the time, the master is not liable for an injury caused thereby, unless he had knowledge of such defect. *Hull* v. *Hall*, 78 Me. 114, 3 Atl. 38; *Nason* v. *West*, 78 Me. 253, 3 Atl. 911; *Baldwin* v. *St. Louis, etc., R. W. Co.*, 68 Ia. 37, 25 N. W. 918.

The duty of a railroad company as to foreign cars received in regular course of business for transportation over its lines is that of exercising ordinary care in inspecting the same to see if they are in reasonably safe condition of repair, and if found to be out of repair to put them in a reasonably safe condition of repair, or notify its employes of the condition of such

cars. Appellant, therefore, owed its employes the duty of making proper inspection of the car in question, and either repairing or giving notice of its defects, if any were found. *Chicago, etc., R. R. Co. v. Fry*, 131 Ind. 319; *Cincinnati, etc., R. R. Co. v. McMullen, supra; Penn., etc., R. W. Co. v. Sears*, 136 Ind. 460; *Pittsburgh, etc., R. W. Co. v. Adams, supra; Louisville, etc., R. W. Co. v. Wright*, 115 Ind. 378; *Salem Stone Co. v. Griffin*, 139 Ind. 141.

The inspection which a company is required to make of such a car is not merely a formal one, but should be made with ordinary care, that is, the inspection should be such as the time, place, means and opportunity, and the requirements and exigencies of commerce will permit. If the company has used ordinary care to secure competent inspectors and inspection is made with ordinary care, under the circumstances, taking into consideration the time, place, means and opportunity for inspection, and the defects, if any discovered, are repaired or due notice thereof given to the employe, the duty resting upon the company is discharged. It is not liable for injuries caused by hidden defects which could not be discovered by such inspection as the exigencies of the traffic will permit. *Chicago, etc., R. W. Co. v. Fry, supra.*

The company receiving such foreign car is not bound to repeat the tests which are proper to be used in the original construction of the car, but may assume that all parts of the car which appear upon examination to be in good condition are in such condition. *Ballou v. Chicago, etc., R. W. Co.*, 54 Wis. 257, 11 N. W. Rep. 559, 41 Am. Rep. 31.

It would seem that if such car were old, dilapidated, or obviously defective, ordinary care would require a more careful inspection than if there was nothing un-

usual in its appearance. *Chicago, etc., R. W. Co.* v. *Fry, supra*, p. 327.

A railroad company is not negligent in receiving and passing over its lines cars different in construction from those owned and used by itself, if the same are not so out of repair or in such a defective condition as can be discovered by ordinary care. *Baldwin* v. *Railway Co.*, 50 Ia. 680; *Indianapolis, etc., R. R. Co.* v. *Flanigan*, 77 Ill. 365; *Kohn* v. *McNulta*, 147 U. S. 238, and cases cited.

It is insisted, however, by appellant that "the court held in *Neutz* v. *Jackson Hill Coal and Coke Co.*, 139 Ind. 411, that inspectors of a foreign car received for transportation are fellow-servants of those operating the train." The cars in that case were delivered to the Jackson Hill Coal and Coke Co., the appellee, on its switch, by a railroad company for the purpose of permitting said Jackson Hill Coal and Coke Co., the appellee, to load them with coal. Said appellee did not receive cars for transportation over any line of railroad, and was not engaged in any such business. The rule applicable to railroad companies in regard to inspecting foreign cars did not therefore apply to the appellee in that case. *McMullen* v. *Carnegie*, 158 Pa. St. 518, 23 L. R. A. 448, 27 Atl. 1043.

Appellant insists that the special verdict does not find facts from which the court can say that the inspection made was not such as is usually made by ordinarily careful and prudent inspectors under like circumstances, and that, therefore, as there is no finding of facts showing the want of ordinary care on the part of appellant, the judgment should have been rendered on the verdict in favor of appellant.

The purpose of the special verdict is that the jury may find the facts within the issues made by the pleadings, and the court then declares the law there-

on. If the special verdict includes findings of evidentiary facts, conclusions of law and matters without the issues, the same are to be disregarded by the court in applying the law to the facts found.

That part of the special verdict essential to the determination of this question is as follows:

"Thirteenth.   When standing upon the track, the drawbar and couplings of said oil-tank car were apparently in proper position, and in good repair, and the defects and lack of repair were not observable to said Douglas, nor did he have any notice or reason to think that said drawbar or couplings were in any way insufficient or out of repair.   They could only have been ascertained by close inspection under the car.
\*   \*   \*   \*   \*   \*

"Fourteenth.   At said station, Frankfort, the defendant maintained a resident car inspector, whose duty it was to inspect all cars of defendant and of other companies, before placing them in the trains of defendant at said station; that said inspector did inspect said car, but only superficially and hurriedly, by looking it over without tools or other manual tests, occupying not to exceed five (5) minutes in said inspection, and failing to discover the condition and need of repair of said drawbar and attachments; that to have made an efficient and proper inspection and examination thereof would have required not less than fifteen minutes, and with no other inspection, said car was ordered into said train.   The defective condition of said drawbar and attachments could have easily been discovered by a reasonable and ordinary inspection thereof by said inspector if competent to make the same, but said inspector did not make the same, and it has not been shown by the evidence that said inspector was sufficiently skilled and competent to make the same."

This court cannot say, as a matter of law, that the car could not have been inspected properly in less than five minutes, or that it was necessary to use "tools or other manual tests.". Neither are there any facts found from which we can determine whether the standard of inspection designated as an "efficient and proper inspection and examination thereof" and "a reasonable and ordinary inspection thereof" is the one required by the law.

In making an inspection it is the duty of the inspector to use the usual and ordinary tests, such tools as persons of ordinary prudence use, if any, under like circumstances. No man is held to a higher degree of skill or care than a fair average of his trade or profession, and the standard of due care is the conduct of the average prudent man. If the inspection is made in the usual and ordinary way, the way commonly adopted by those in like business, it cannot be said that it was done negligently. In determining whether an inspection was made with ordinary care, a jury can only find facts showing whether the same was made in the usual and ordinary manner, the one commonly adopted by men of ordinary care and prudence engaged in the same business under like circumstances. If it was so performed it was made with due care, and a jury cannot be permitted to say that it was negligent. They cannot be allowed to set up a standard which shall in effect dictate the customs or control the business of a community. *Titus* v. *Railway Co.*, *supra; Iron-Ship Building Works* v. *Nuttall*, 119 Pa. St. 149, 13 Atl. 65; *Tuttle* v. *Detroit, etc., R. W. Co.*, 122 U. S. 189.

The finding "that to have made an efficient and proper inspection and examination thereof would have taken fifteen minutes," is a mere conclusion.

The standard thus fixed by the jury may be pred-

icated upon the proposition that such searching and critical inspection must be made as would insure absolute safety to the employes. This, as we have shown, is not required. Facts, not conclusions, must be stated. The special verdict should state such facts as would show whether the inspection made was such as is usually made under like circumstances by inspectors of ordinary care and prudence, and this would include all facts showing whether the inspection was such as the time, place, means, opportunity, and the requirements and exigencies of the traffic will permit.

The special verdict does not state any facts showing that the car inspector was incompetent. Appellant was not required to prove that the car inspector was "sufficiently skilled and competent" to act as inspector at Frankfort. The presumption in this case is that he was competent until the contrary is shown. *Evansville, etc., R. R. Co.* v. *Tohill, Admx.*, 143 Ind. 49; *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156, and cases cited.

The presumption is that appellant exercised ordinary care in the selection of the car inspector with reference to fitness and competency, and that the car was inspected with ordinary care; that is, the inspection was such as the time, place, means, opportunity, and requirements and exigencies of commerce would reasonably permit. Disregarding the improper matters contained in the special verdict, the facts set forth do not overcome or contradict this presumption.

It follows that the court erred in rendering judgment in favor of appellee.

It is claimed by appellant that the case made by the verdict does not correspond with the allegations or theory of the complaint. As the cause must be reversed for other reasons, and the complaint may be

amended before another trial, it is not necessary for us to determine this question.

We think justice requires that instead of directing a judgment upon the verdict that a new trial be awarded.

Judgment reversed, with instructions to award a new trial, with leave to amend the complaint, and for further proceedings not inconsistent with this opinion.