## LOUISVILLE & N. R. CO. v. MILLER et al.

(Circuit Court of Appeals, Sixth Circuit.   October 2, 1900.)

No. 838.

1. MASTER AND SERVANT—ASSUMED RISKS—KNOWLEDGE OF SERVANT'S INEXPERIENCE.

It is the duty of a master who has actual notice that a servant is inexperienced in the work for which he is employed to use reasonable care in cautioning and instructing such servant in respect to the dangers he will encounter, and how best to discharge his duties, and he is not relieved from such duty by the fact that the servant solicited the employment and represented himself to be competent; nor does the servant by reason of such fact assume the risk from dangers of the employment of which he is ignorant, and as to which he has been given no instruction, although they are ordinary hazards of the service, unless they are so obvious that even an inexperienced man would escape them by the exercise of ordinary care.

2. SAME—INJURY TO SWITCHMAN—REPRESENTATION OF COMPETENCY.

Plaintiff applied for employment as a switchman in railroad yards, stating that he had no experience in the work. He was assigned, on his request, without pay, to service under foremen as a "cub" or learner, where he worked five days, at the end of which he induced the foremen to recommend him by letters as competent for service as a regular switchman, upon which he was employed by the yard master, who knew the length of his experience, and assigned to duty without further advice, warning, or instruction. Four days later he was injured in attempting to make a coupling between cars of different construction, which could only be safely coupled in a certain way, of which he was ignorant. There was evidence that not less than four weeks' service as a learner could properly qualify a person to safely handle the various kinds of cars which ordinarily came into the yards.  *Held*, that it could not be said, as a matter of law, that plaintiff assumed the risk, it not appearing that the danger in making the coupling was obvious to an inexperienced man, and that a verdict for plaintiff on the ground that the railroad company failed in its duty to give plaintiff proper instruction would not be disturbed.

3. SAME—DELEGATION OF DUTY TO INSTRUCT SERVANT—RESPONSIBILITY OF MASTER.

The duty of qualifying an inexperienced servant for the performance of new and dangerous duties is a personal duty of the master, who is responsible for the proper qualifications of any persons to whom it is delegated, and for their negligence in failing to continue the instruction until it is completed.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

The defendant in error J. E. Miller recovered judgment against the plaintiff in error, the Louisville & Nashville Railroad Company, for an injury sustained while making a coupling. Miller was a switchman who had been in the service of the company but four days when he sustained the injury for which he sued. He had had no experience as a switchman prior to his employment, except five days of what is called "cubbing," by which is meant that he had been assigned, on his own application, and without pay, to a switching crew, as a volunteer who wished to learn and qualify himself for employment as a switchman. By importunity he induced two foremen of switching crews to recommend him by letters to the yard master as competent for service as a regular switchman. The yard master, with full knowledge of this limited experience, employed him as a switchman, and assigned him to duty in a switching crew without any other or further advice, warning, or instruction. Miller testified that, when he presented the letters of the foremen with whom he had cubbed to the yard master, the latter refused him employ-

ment, saying that he would not be qualified with less than a month's service as a cub, but that on the next day he was given the place of a man who had in the meantime been injured and disabled. The yard master denies this view of the matter, and says he accepted the certificates produced by Miller as evidence of his capacity, and employed him in good faith, as capable of fully understanding and appreciating the dangers usual and incident to the occupation. There was evidence tending to show that not less than four weeks' experience as a cub or learner would acquaint one with the hazards and risks of such a position, and give him that degree of skill, judgment, and caution requisite to a full appreciation of the risks to be encountered, and how best to guard against them. The coupling which Miller undertook to make was, as he testifies, new to him, and could only be done safely in a particular way, about which he knew nothing. At the close of the evidence the plaintiff in error moved the court to instruct the jury to find for the defendant. This was overruled, and an exception saved. The court then submitted the case to the jury upon the single question as to whether the railroad company had been negligent in permitting the plaintiff to engage in so dangerous an occupation as that of a yard switchman, in view of the knowledge possessed by its representative, the yard master, as to the experience and training he had had, without further instruction concerning the risks incident to the occupation, and how best to make a coupling such as that he was making when injured. The charge upon this subject was full and clear, and no exception was taken. There were a verdict and a judgment against the railroad company, which has sued out this writ of error.

John W. Judd, for plaintiff in error.

W. H. Washington, for defendants in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The case was submitted to the jury upon the theory that the plaintiff was inexperienced in the work of a switchman, and that this was known to the railroad company; that, having been employed as a switchman, and assigned to work in the general yard of the company, where he was likely to be required to handle foreign cars, with and without bumpers or deadheads, and having coupling apparatus of many styles, the company was bound to qualify him for such service by giving him instruction adequate to the hazards and risks incident to the occupation, and by which he might perform his duties in the way safest for himself. The instructions to the jury in respect to this issue were full and clear, and no exception was taken thereto. The learned counsel for plaintiff in error say, however, that no such issue should have been submitted, and that it was error to deny the request for a peremptory instruction for the defendant. This contention is primarily based upon the proposition that the plaintiff applied for employment as a switchman, and that he must be, therefore, taken to have assumed all the risks incident to the usual duties of a switchman, and that, even if the company knew of his inexperience, he cannot escape the consequences of his own ignorance or inexperience, having voluntarily solicited the particular employment in which he was injured. This view of the law is seemingly supported by the cases of Dysinger v. Railway Co., 93 Mich. 646, 53 N. W. 825, and McDermott v. Railroad Co., 56 Kan. 319, 43 Pac. 248. We do not assent to the reasoning of these cases, nor are they in accordance with the great weight of authority. It is illogical to say that a servant

impliedly assumes the hazards and risks of an occupation which are known to the master, but which the master knows are unknown to the servant, unless the dangers are so obvious that even an inexperienced man could not fail to escape them by the exercise of ordinary care. The law is now well settled that the duty of cautioning and qualifying an inexperienced servant in a dangerous occupation applies as well to one whose disqualification arises from a want of that degree of experience requisite to the cautious and skillful discharge of the duties incident to a dangerous occupation with safety to the operator, as when the disqualification is due to youthfulness, feebleness, or general incapacity. If the master has notice of the dangers likely to be encountered, and notice that the servant is inexperienced, or for any other reason disqualified, he comes under an obligation to use reasonable care in cautioning and instructing such servant in respect to the dangers he will encounter, and how best to discharge his duty. Shear. & R. Neg. (5th Ed.) § 219a; Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810, 8 L. R. A. 818; Whitelaw v. Railroad Co., 16 Lea, 391, 397, 1 S. W. 37; Sullivan v. Manufacturing Co., 113 Mass. 396; Railway Co. v. Frawley, 110 Ind. 18, 9 N. E. 594; Coombs v. Cordage Co., 102 Mass. 572, 597; O'Connor v. Adams, 120 Mass. 427; Reynolds v. Railroad Co., 64 Vt. 66, 24 Atl. 134; Railroad Co. v. Price, 72 Miss. 862, 18 South. 415; Hughes v. Railway Co., 79 Wis. 264, 48 N. W. 259; Campbell v. Eveleth, 83 Me. 50, 21 Atl. 784; Hull v. Hull, 78 Me. 114, 3 Atl. 38; Railway Co. v. Brick, 83 Tex. 598, 20 S. W. 511; Felton v. Girardy (decided by this court at this term) 104 Fed. 127.

Undoubtedly, when one of apparent maturity and of average capacity solicits a particular line of work, the master has the right, in the absence of information, to assume that the applicant is qualified for the particular work applied for. It is only where such facts are brought to his notice of the disqualification of the servant to safely encounter dangers known to him, and presumptively unknown to the servant, that the duty of cautioning and instructing the servant arises. In the case at bar the plaintiff below gave notice that he had had no experience as a switchman. The yard master then undertook his instruction, and assigned him, as a learner, to a switching crew. In less than five days the foremen of these crews certified that he was qualified. The yard master, with full notice of this brief tutelage, assigned him to duty without further instruction. There was evidence from which the jury might infer that such an experience was wholly inadequate to fit him to encounter the dangers he was likely to meet. The particular coupling he undertook was one which he was likely to have to make, and was a risk which an experienced servant would assume as an ordinary hazard of the service. Tuttle v. Railway Co., 122 U. S. 189, 7 Sup. Ct. 1166, 30 L. Ed. 1114; Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, 37 L. Ed. 150. Yet the plaintiff testified that he had had no instruction, and no caution in respect to such cars and such diverse coupling arrangements. The duty of qualifying a green or inexperienced servant for the safe performance of a new and dangerous duty is a personal duty of the master, and, if it be delegated, the delegate must be qualified, and should not discontinue the

instruction until it is completed. The negligence of the servants who undertook to qualify Miller was the negligence of the master. Railroad Co. v. Fort, 17 Wall. 553, 21 L. Ed. 739; Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810, 8 L. R. A. 818.

We have carefully considered the entire evidence found in this transcript. It is enough to say that, while the case was a close one upon the facts as to the instruction received by Miller, yet there was such a conflict between his testimony and that of the other witnesses that we are content to hold that there was no error in refusing an instruction to find a verdict for the plaintiff in error. Neither are we prepared to say that the special dangers incident to the peculiar coupling which Miller undertook were so obvious as to constitute an assumption of the risk. That he could see that each car was supplied with a bumper or deadwood, and that one car was equipped with an automatic coupler and the other with a skeleton drawhead, is conceded. Still, it was a coupling which could be made safely if done in the right way. What the right way was, was not so obvious a matter as to justify the court in holding as matter of law that it was a situation about which Miller needed no caution and no instruction.

The error assigned upon the admission of Fitzgerald's evidence is not well taken. The exception was too broad, and the ruling made subject to further consideration. The court's attention was not again called to the matter. Aside from this, Fitzgerald testified to the same facts, and that which had possibly been subject in part to objection as hearsay became harmless. It was also harmless for the further reason that the court distinctly instructed the jury that the yard master, Yates, alone represented the company in the employment of Miller, and "that the defendant is not affected by what any of the other employés did." The judgment is accordingly affirmed.