## Chicago & Alton Railway Company v. Albert V. Neves.

1. FELLOW-SERVANT RULE—*when does not relieve master of liability.* The negligence of a fellow-servant contributing to an injury will not absolve the master from liability where such injury could not have resulted but for the defect in a car attributable to the lack of care by the master.

2. RAILROAD COMPANY—*duty of, with respect to furnishing and inspecting of cars about which its employes are to labor.* It is the duty of a railroad company to exercise ordinary care in furnishing reasonably safe cars and other appliances, and also to exercise ordinary care by inspection and repair to keep them in reasonably safe condition so as not to unreasonably expose its employes to unknown and extraordinary hazards. But as to foreign cars received by it as a common carrier in the regular course of business for transportation over its lines, its only duty is that of exercising ordinary care in inspecting the same to see if they are in a reasonably safe condition of repair, and if found out of repair to put them in a reasonably safe condition of repair or notify its employes of the condition of such cars. Its duty does not extend to that of furnishing safe and proper instrumentalities for service. In receiving such foreign cars, it is not bound to repeat the tests which are proper to be used in the original construction of the cars, but it may assume that all parts of the cars which appear upon reasonable inspection to be in good condition, are in such condition.

3. INSTRUCTIONS—*when particular accuracy required in.* Where the evidence is close, especial accuracy is required in instructions given.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed December 21, 1906. Rehearing denied January 8, 1907.

PATTON & PATTON, for appellant; F. S. WINSTON, of counsel.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by appellee against appellant, for the recovery of damages for personal injuries

alleged to have been received by appellee through the negligence of appellant, while he was in its employ as a switchman. Upon a trial in the Circuit Court, the jury returned a verdict finding the defendant guilty and assessing the plaintiff's damages at $4,500. To reverse the judgment rendered upon such verdict, the defendant prosecutes this appeal.

The declaration consists of five counts of similar import, the *gravamen* of the same being that the plaintiff was employed by the defendant company as a switchman; that it was the duty of the defendant to use reasonable care to furnish and provide reasonably safe and properly constructed, and maintained, and repaired cars and appliances for the use of its switchmen in switching its cars; that the defendant, in disregard of said duty, furnished a certain car in an unsafe condition in that the end of the same to which a brake was fastened was separated from the top of said car, which fact was known to the defendant, but of which the plaintiff had no knowledge, and while the plaintiff was in the discharge of his duties as such switchman and while in the exercise of due care, he attempted to let off the brake upon said car, and that the beam to which it was fastened, in consequence of the defect aforesaid, gave way, throwing the plaintiff to the ground and causing his injuries.

The evidence discloses that appellee, who was about thirty-five years of age, had worked for appellant as a switchman from July 11, 1904, to September 14, 1904, the day he was injured. During this time he was a member of a switch crew consisting of one Mikesell the foreman, appellee and one Blumle, switchmen, and an engineer and a fireman. At about five o'clock on the day of the accident, while such crew was engaged in switching cars in the different railroad yards in the city of Springfield, they were ordered to go upon the transfer track of the C., H. & D. Railroad Company, and "kick" one of several cars standing thereon in upon another track. To do so, it became necessary for

appellee to go upon the top of the car for the purpose of setting the brake when the car had been "kicked" to the spot where it was desired to place it. While the train was in motion, appellee attempted to set the brake, but was, through some cause, thrown from the top of the car to the ground, and seriously injured. The testimony of appellee and the evidence introduced in his behalf tended to show that shortly prior to the accident Mikesell, the foreman, had received orders from the assistant yardmaster of the appellant company, to cut out the car in question and send it to Bloomington for repairs of some nature; that pursuant to such order the crew started to "kick" the car upon another track; that when appellee attempted to set the brake, the end of the car to which the brake-staff was attached pulled away, causing appellee to be thrown to the ground. Several witnesses testify, and the records of appellant company show, that after the accident the end of the car to which the brake-staff was attached was found to be broken loose from the top of the car so as to leave an open space of several inches. The evidence adduced by appellant tended to show that the car in question was what was known in railroad parlance as a "foreign" car and that it belonged to the C. & N. W. Railroad Company; that it had been carefully inspected daily for several days immediately prior to the accident and was found to be in an ordinarily safe and proper condition; and that the fall of the appellee from the car was the result of the sudden stopping of the same, caused by the failure of Blumle, appellee's fellow-servant, to promptly uncouple the car from the rest of the train at the proper time. There was also evidence tending to show that a defect of the character charged could only have been discovered by removing the siding or the roof of the car, and that it could not have been discovered by ordinary inspection. If the injuries to appellee were due to the negligence of appellant, as charged in the declaration, the fact, if

established, that the accident would not have happened but for the negligence of Blumle, a fellow-servant, would not relieve appellant from liability. If it is also true that it could not have happened but for the defect in the car, the negligence of appellant and Blumle was concurrent, and appellee could recover from appellant. Car Co. v. Laack, 143 Ill. 24; C. & N. W. R. Co. v. Gillison, 173 Ill. 264; Siegel v. Trcka, 218 Ill. 565. In view of the foregoing state of the evidence, the character and degree of care due from appellant to appellee under the circumstances was of vital importance and it was essential that the jury should have been accurately advised as to the law, applicable.

The third instruction given to the jury at the instance of appellee read as follows: "The court instructs the jury that it is the duty of a railroad company to use reasonable care to furnish reasonably safe cars and appliances to its brakeman and switchman operating its cars, and such switchman or brakeman have a right to rely that the railroad company has performed such duties, and the failure of such railroad company to perform such duty is not a risk assumed by such switchman or brakeman in the ordinary course of their employment." Counsel for appellant insist that, as the car alleged to have been defective was a foreign car, the only duty due from appellant with reference to the same was to exercise reasonable care to inspect it; that appellant was not responsible for latent defects not discoverable upon reasonable inspection; and that the foregoing instruction must have misled the jury to the prejudice of appellant. Counsel for appellee, on the contrary, contend that the duty of a railroad company toward its employes is identically the same, whether the cars upon or about which they are required to work, were furnished by the employing company, or whether they belong to other companies for whom they are being handled.

It is the duty of a railroad company to exercise or-

dinary care in furnishing reasonably safe cars and other appliances, and also to exercise ordinary care by inspection and repair to keep them in reasonably safe condition so as not to unreasonably expose its employes to unknown and extraordinary hazards. But as to foreign cars received by it as a common carrier in the regular course of business for transportation over its lines, its only duty is that of exercising ordinary care in inspecting the same to see if they are in a reasonably safe condition of repair, and if found out of repair to put them in a reasonably safe condition of repair or notify its employes of the condition of such cars. Its duty does not extend to that of furnishing safe and proper instrumentalities for service. In receiving such foreign cars, it is not bound to repeat the tests which are proper to be used in the original construction of the cars, but it may assume that all parts of the cars which appear upon reasonable inspection to be in good condition, are in such condition. Ballou v. R. Co., 54 Wis. 257; R. Co. v. Bates, 146 Ind. 564; Kelly v. Abbott, 63 Wis. 307; Mackin v. R. Co., 135 Mass. 201; R. Co. v. Armstrong, 62 App. 229; R. Co. v. Farrell, 79 App. 508; R. Co. v. Confrey, 111 Ill. App. 473, aff. 209 Ill. 344.

The reason for the distinction seems to be that as to its own cars a railroad company may choose which of them they will use, while as to the cars of other companies, which it is bound as a common carrier to receive and transport, it has no opportunity for selection, but on account of the exigencies of traffic is compelled to rely upon inspection only.

In R. Co. v. Wangelin, 43 App. 324, R. Co. v. Harmes, 52 App. 649, and R. Co. v. Gillison, 72 App. 207, all of which are cited by counsel for appellee, and seem to support the general rule contended for by them, the evidence in the several cases showed that the defects in the foreign cars complained of, were so obvious as to be apparent upon ordinary inspection, and the liability of the respective defendants was predicated wholly

upon the failure to exercise a reasonable inspection of the cars, which would have disclosed the defects. It is doubtless true that so far as reasonable inspection is concerned, the duty of a railroad company is the same in the case of foreign cars as where the cars are furnished by the company itself; but in so far as the foregoing cases hold that the same rule as to reasonable care in furnishing safe and proper cars and machinery applies in either case, we are not prepared to follow them.

The instruction under consideration correctly stated the general rule as to the duty imposed upon an employer where machinery or appliances, etc., are furnished by him. It was, however, inapplicable to and unwarranted by the evidence developed on the trial, which disclosed that the car belonged to another railroad company and was merely being transported by appellant, whereby, as we have seen, the only duty which developed upon appellant was that of reasonable inspection.

While the instructions given in behalf of appellant fully and clearly state the law to be as contended by appellant, we are unable to say that such instruction might not have led the jury to believe that the car was "furnished" by appellant, within the meaning of the rule stated in the instruction, and that if it was so furnished, that fact was sufficient to establish a liability, whether the defect was latent or patent. The first and fifth instructions given for appellee are subject to criticism in that they are so loosely and inartistically drawn that they might be construed as assuming that a defect existed in the car at the time of the accident, and also to authorize a recovery based upon the general defective condition of the car and not upon the particular defect charged in the declaration. The question as to whether the alleged defect was obvious to ordinarily careful inspection was perhaps the most important of the issues in controversy, and the evidence relative thereto was such as to ren-

der its solution difficult.    As has been so often said, in such case it was of great importance that the instructions should have been accurate and perspicuous.

Because of the error of the court in giving the third instruction above quoted, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*