### DOYLE *v*. BAIRD.

(*Common Pleas of New York City and County, General Term.* June 8, 1889.)

**1. NEGLIGENCE—DANGEROUS PREMISES.**

In an action for personal injuries caused by the caving in of a ditch dug by defendant, evidence that there were no supports or braces for the sides of the ditch, together with the testimony of experts that in constructing such a ditch some such supports are necessary, shows a *prima facie* case of negligence.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

The fact that plaintiff, a laborer in defendant's service, went into the ditch on command of defendant's foreman, does not show contributory negligence.

Appeal from trial term.

On the 17th of September, 1880, James Baird was engaged, under a contract with the city of New York, in laying large water-mains or pipes in Eighty-Fifth street. For such purpose a cut had been excavated about nine feet deep and seven feet wide. Dominick Doyle was one of Baird's employés, and on said day he was ordered by Baird's foreman to go to the bottom of said cut, and prepare the bed-place for one of the mains then about to be lowered. While so engaged the sides of the trench caved in on Doyle and his fellow-workmen. He sustained serious injury, which he claims is in law to be attributed to the negligence of his employer in not properly guarding and bracing the walls of the ditch, and this action is to recover damages for such injury. Upon the trial the complaint was dismissed at the conclusion of the plaintiff's case. Plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*A. & T. B. Wakeman,* for appellant. *Elliot Sandford* and *C. W. West,* for respondent.

LARREMORE, C. J. Counsel for respondent contends that there is no proof in the case tending to show that the employer had neglected to protect the side walls of the trench so that a cave-in could not occur. But in this he errs. Plaintiff testifies that "there had not been any supports of any kind used to sustain the banks at the time." The witness Daniel Doyle also says that "there were no timber or braces that I saw in that point. I mean that open space." This evidence must be considered, in connection with the fact that all of plaintiff's expert witnesses concur in the opinion that in a trench of the general size and character here described, dug in made ground, some precautions in the way of bracings, or large girders, or careful sloping in the excavation, are necessary. It is true that said experts substantially agree in the belief that what amounts to reasonable care in any particular case must be determined by the peculiar facts of such case, and that they do not express the absolute opinion that respondent had been negligent, because they had not examined the trench in question. Nevertheless plaintiff himself and his fellow-workmen described the trench in Eighty-Fifth street with sufficient particularity for the jury to apply thereto the general principles to be deduced from the evidence of the experts. It was alleged on behalf of plaintiff that defendant had caused to be excavated a deep and wide trench, with sides "almost perpendicular," and that he had omitted all artificial safeguards against a caving-in of the ground, which, moreover, was "made" ground. These facts, in conjunction with the testimony of said experts, made out a *prima facie* case of negligence on the part of the master.

Nor do we think contributory negligence is to be imputed to the appellant because he obeyed the foreman's command, and went to work at the bottom of the trench, although he had the same opportunity of observing any appar-

ent insecurity which said foreman, or even the master, had. At the last general term of this court in the case of *McGrath* v. *Walsh*, 4 N. Y. Supp. 705, we held, following the direct intimation of the court of appeals in *Cahill* v. *Hilton*, 106 N. Y. 512, 13 N. E. Rep. 339, that a workman of ordinary skill must be presumed to be acquainted with such a simple implement as a ladder, and that if he continued work on one, after he had discovered that the rounds would turn under his feet, he was guilty of contributory negligence, if injured in consequence of such defect. Here the case is quite different. Whether the banks of a deep trench will or will not cave in involves a question in civil engineering. A workman of ordinary intelligence cannot be required at his peril to solve a problem fitted only for specially educated experts. When his master commands him to enter an excavation, and perform certain work there, he has a right to assume that the place, and all the existing and necessary conditions for the performance of such work, have been rendered safe. We think the views above expressed are directly within the spirit and reasoning of the decision in *Pantzar* v. *Mining Co.*, 99 N. Y. 368, 2 N. E. Rep. 24, in which case, as in the case at bar, the defendant endeavored, without success, to escape all liability, on the ground that the command to enter the unsafe place emanated from a foreman, and not from the master in person. The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.