See note to this case in 12 L. R. A. 180.— REP.

---

HUGHES, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*February 27 — March 17, 1891.*

*Master and servant: Negligence.*

Where, in an action against a railroad company for an injury to its brakeman, alleged to have been caused by its negligence in not warning him of the extra hazard involved in coupling cars of a particular kind which might come upon its road, the evidence that he was so inexperienced as to need special instructions or caution on that subject was not undisputed nor conclusive. *Held,* that it was error for the court so to instruct the jury as to take from it the question of the defendant's negligence.

APPEAL from the Circuit Court for *Dodge* County.

This is an action against a railroad company by one of its brakemen, for an injury received in coupling two foreign cars which were equipped with peculiar coupling arrangements, differing from, and more dangerous to handle than, those in common use on the defendant's road. The complaint charges the company with negligence in allowing such cars to be used on its road, and especially in not instructing and cautioning him, at the time he was employed, in respect to cars of that kind, and the danger involved in coupling them, as to which he claimed to be inexperienced and ignorant. The substance of the evidence and the instruction of the court on that subject appear in the opinion. From a judgment for the plaintiff the defendant appeals.

*Burton Hanson,* for the appellant, to the point that the railroad company was not negligent in not giving special instruction or caution to the plaintiff as to coupling cars when he entered its service, the danger being obvious, cited *Mich. Cent. R. Co. v. Smithson,* 1 Am. & Eng. R. Cas. 101; *Hathaway v. Mich. Cent. R. Co.* 12 id. 249; *Wormell v. Maine Cent. R. Co.* 79 Me. 397; *Indianapolis, B. & W. R. Co. v. Flannigan,* 77 Ill. 365; *Oszkoscil v. Eagle Pencil Co.* 6 N. Y. Supp. 501; *Civiack v. Merchants' W. Co.* 146 Mass. 182; *Buckley v. Gutta Percha & R. M. Co.* 113 N. Y. 540; *Crowley v. Pacific Mills,* 148 Mass. 228; *Berger v. St. P., M. & M. R. Co.* 39 Minn. 78.

For the respondent there was a brief by *J. J. Sutton* and *Olin & Butler,* and oral argument by *J. M. Olin* and *John J. Sutton.* They contended that the railroad company owed the same duty to its inexperienced employees in respect to instructing them as to the extra hazard in coupling the kind of cars from which the injury was received, as if they had been its own, even where the danger was obvious, citing *Gottlieb v. N. Y., L. E. & W. R. Co.* 100 N. Y. 462; *Fay v. M. & St. L. R. Co.* 30 Minn. 231; *St. Louis & S. E.*

*R. Co. v. Valerious*, 56 Ind. 511; *Louisville, N. A. & C. R. Co. v. Frawley*, 110 Ind. 18; *Sullivan v. India Mfg. Co.* 113 Mass. 396; Wood, Master & Servant, 714; *O'Connor v. Adams*, 120 Mass. 431; *Coombs v. New Bedford C. Co.* 102 id. 572; *Hungerford v. C., M. & St. P. R. Co.* 41 Minn. 444; *Missouri Pac. R. Co. v. Callbreath*, 66 Tex. 526; *Jones v. Florence Mining Co.* 66 Wis. 268.   The plaintiff, being compelled by circumstances to act quickly, was not chargeable with contributory negligence.   *Goodrich v. N. Y. C. & H. R. R. Co.* 116 N. Y. 398; *St. Louis, I. M. & S. R. Co. v. Higgins*, 53 Ark. 458.

COLE, C. J.   Though it is charged in the complaint that the defendant company was negligent in using on its road and in its yard as a part of its train two foreign cars with a peculiar contrivance called "double dead-woods," or "man-killers," as some of the witnesses called them, yet this is not relied on as a ground of liability here; but the defendant's liability for the injury which the plaintiff sustained is placed on the distinct ground that he was inexperienced in railroad service generally, and was unacquainted with the make and pattern of railroad freight cars except those in use by the defendant company, and did not know the extra danger incurred in coupling cars having the double dead-wood appliance; and that the agents of the defendant, though knowing of his want of skill and knowledge in that regard, failed and neglected, when they employed him, to give him any warning or instruction as to the care and means required to couple such cars in safety. The fact is admitted that he had his arm crushed while endeavoring, in his line of duty, to couple these foreign double dead-wood freight cars in the defendant's yard at La Crosse. . He had been engaged as a brakeman in switching cars and in making up trains in this yard, and had been at work in this employment but two days before the Sun-

day on which he was hurt. It is not claimed that the
freight cars which he undertook to couple were not in good
order, and it appears they were such cars as are used on
many of the eastern roads. Yet the testimony clearly
shows that there is greater danger, to one unskilled in
handling them, in coupling such cars than there is in coup-
ling those in common use, because of their peculiar equip-
ment with cast-iron buffers or double dead-woods, as de-
scribed in the evidence. The plaintiff was twenty-three
years of age lacking five days when he was injured. He
had served five years before as a brakeman on the North-
western Railway, fifteen days on trains running from Wa-
seca to Sleepy Eye, a day's run, and just before he was
employed to work in the defendant's yard he had acted as
brakeman on its road for two trips from Portage to La
Crosse and back. This seems to have been the extent of
his practical knowledge or experience in operating cars or
in coupling them.

The learned circuit judge, in his charge, stated the law
applicable to the facts in the case, in substance, as follows:
If a master employs a servant to do work in a dangerous
place, or where the mode of doing the work is dangerous
and apparent to a person of capacity and knowledge of the
subject, yet if the servant employed to do work of such a
dangerous character or in a dangerous place, from youth,
inexperience, ignorance, or want of general capacity may
fail to appreciate the danger, it is a breach of duty on the
part of the master to expose a servant of such character,
even with his consent, to such dangers, unless he first gives
him such instructions or caution as will enable him to ap-
prehend them, and do his work safely, with proper care on
his part. And the learned judge added that such was the
rule of law, as settled in this state, and, that inasmuch as
there was no dispute in the evidence on that branch of the
case, he said: "I instruct you, as a matter of law, founded

Hughes vs. The Chicago, Milwaukee & St. Paul R. Co.

upon the undisputed evidence in the case, that this defendant was guilty of negligence which produced this injury."

It will be seen that the court thus took from the jury the question of the defendant's negligence, and, as it appears to us, in so doing it necessarily determined, as a matter of law, that the plaintiff was so inexperienced that he was entitled to special instructions or caution as to the increased danger of coupling cars with double dead-woods. Now, that was a disputed point in the case, and evidence had been given which tended to show that the plaintiff had sufficient experience in coupling freight-cars to dispense with the necessity of such special instructions, even if the law imposed the duty upon the defendant to give them in the case of an inexperienced person. At all events, that question should have been submitted to the jury upon all the evidence bearing upon it. But it is obvious that it was not fairly submitted, because the court held that the defendant company was guilty of negligence which produced the injury, though the only act of negligence relied on was its failure to give the plaintiff notice, when he was employed, of the danger in coupling cars with double dead-woods.

It is said he was so inexperienced, and knew so little of the difference between cars of double or single dead-woods, that he should have had special instructions as to the proper way of making. couplings; but that certainly was not an undisputed fact in the case, and it was not properly submitted, as it should have been, together with the question of the defendant's negligence. The question of contributory negligence was submitted in another portion of the charge. The jury were in fact told that, if the plaintiff was to blame, if by the exercise of ordinary care and prudence and by the use of his eyes and other senses he could have discovered the kind of instrumentalities or the kind of coupler used on the cars, and could have seen the danger,

First National Bank of Madison vs. Greenwood and others.

he was bound to do so.   The plaintiff admits in his testimony that he did not notice the cast-iron buffers on the cars, and did not know there was any more danger in coupling such cars than in coupling ordinary ones; that he attempted to make the coupling without looking to see what kind of coupling it was.   This, in substance, is his testimony upon that point.   We shall not dwell upon the question of contributory negligence, as the case must go back for a new trial, and the evidence may be different.   This court has in many decisions laid down the rule on the subject, especially in *Kelly v. Abbot,* 63 Wis. 307.   That case was criticised on the argument as being in conflict with other decisions upon this subject, but we do not so understand the case.   The doctrine of that case we consider sound, and we certainly see no reason for qualifying or changing the rule there laid down.   This is the only answer we feel called upon to make upon the strictures on that case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.