NORFOLK BEET-SUGAR COMPANY v. THOMAS G. HIGHT.

FILED OCTOBER 5, 1898. No. 8108.

1. **Construction of Petition: DEMURRER.** Against an objection at the inception of a trial to the introduction of any evidence for plaintiff on the ground that the petition does not state a cause of action, the pleading attacked will be liberally construed and if possible sustained.

2. **Master and Servant: RISKS OF EMPLOYMENT: NEGLIGENCE.** An employé assumes all the ordinary risks and hazards incident to the employment of which he is possessed of sufficient intelligence and capacity to know and understand, and an adult person is presumed to be of sufficient mental power to comprehend such risks; but if a person is employed for a work which is dangerous or to labor in a dangerous place or situation, and, by reason of youth, inexperience, ignorance, or want of mental capacity he may fail or fails to comprehend the danger, it is the duty of the employer to warn the employé of the hazards and instruct him of the work. (*Jones v. Florence Mining Co.*, 66 Wis. 277, 28 N. W. Rep. 207.)

3. ——: ——: INSTRUCTIONS. An instruction in an action by a servant against the master for damages for injuries received while in the performance of work, which states that the employé assumes the "ordinary risks of the business upon which he enters as far as these risks, at the time of entering on the business, are known to him, or could be readily discernible by a person of his age and capacity in the exercise of ordinary care," *held*, in the conditions of the issues as developed in the pleadings and evidence, prejudicially erroneous in its reference and limitation relative to time.

4. **Instructions: ISSUES.** An instruction which would allow the jury to render a verdict on an issue not of the pleadings is erroneous.

5. ——: ——. An instruction examined and determined not open to the criticism that in it there was an attempt to specifically state or cover all the essential or material elements of the issues.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Reversed.*

*Robertson & Wigton*, for plaintiff in error.

*Brome, Burnett & Jones* and *Mapes & Hazen, contra.*

HARRISON, C. J.

The defendant in error instituted this action against the plaintiff in error, hereinafter designated the company, to recover an amount alleged to be his damages from injuries sustained while in the employ of the company, by reason of its negligence. A verdict in favor of the defendant in error was returned in the district court, and judgment rendered thereon, and the company has removed the cause to this court for review of the proceedings in the trial court.

At the commencement of the trial there was interposed for the company an objection to the introduction of any evidence. The ground of the objection was that the petition did not state a cause of action. The objection was overruled, and such action is of the alleged errors presented in argument here. So much of the petition as we need notice in the discussion of this point was as follows:

"1. That said defendant is and at all the times hereinafter mentioned has been a corporation engaged in the manufacturing of sugar from beets at Norfolk, Nebraska, and operating at said town of Norfolk a beet-sugar factory for such purpose.

"2. On the 2d day of November, 1894, plaintiff, who then was a strong, able-bodied, healthy man, thirty years of age, was and for two weeks prior to said date had been employed by said defendant in and about its beet-sugar factory at Norfolk, as a common laborer.

"3. On said 2d day of November, 1894, and at the time of the happening of the injuries and wrongs hereinafter complained of, plaintiff was employed as a common laborer, as aforesaid, for defendant, in a room in its factory under the room commonly known and designated as the "Filter-Press Room," under the immediate charge and supervision of an agent, servant, and foreman of defendant by the name of Brugeman, the first name of said Brugeman plaintiff does not know, and therefore cannot state; but plaintiff avers in that behalf that on said date said Brugeman was the authorized agent, superintendent, and foreman of defendant in that portion of defendant's work in which plaintiff was employed, and that it was plaintiff's duty to receive orders respecting his work from said Brugeman and obey the same.

"4. At the time of the happening of the injuries hereinafter complained of there was in use and operation by defendant in said room where plaintiff was employed as hereinbefore recited, a wide belt, said belt being a part of the appliances used to propel certain machinery in and about the operation of defendant's work, said belt passing over and around an iron wheel connected with an iron shaft in the operation of a portion of defendant's machinery in said room. At the time of the happening of the injury, hereinafter complained of, said machinery was in motion, propelled by steam power, and said belt was running very rapidly. At said date, and while said machinery and belt were running very rapidly

as hereinbefore recited, there having accumulated upon said belt a quantity of water, and defendant's said foreman, Brugeman, desiring to procure said water to be removed from said belt, carelessly and negligently ordered and directed this plaintiff to procure a gunny sack and wipe the water from said belt, at a point thereon underneath the portion of said belt passing over said wheel. That plaintiff had no experience in the use and operation of machinery of that character, and did not know that it was dangerous and unsafe to obey the order of said foreman, and in the manner directed attempted to wipe the accumulation of water from underneath said belt. That in truth and in fact it was very dangerous and unsafe to obey said order, and attempt, in the manner directed, to remove said water from said belt; that defendant and its agent and foreman, the said Brugeman, were well advised, did know, and ought to have known, that the service plaintiff was so directed to perform was very dangerous and unsafe; that in pursuance of said order and direction of said foreman, and without any knowledge of the dangerous and unsafe character of the service he was directed to perform, and without having had any experience, or opportunity to acquire such knowledge, plaintiff did procure a gunny sack, and in strict and literal compliance with said order of said foreman, and in the immediate presence and at the specific direction of said foreman, plaintiff undertook to perform said service and remove the water from said belt; that although plaintiff used the utmost care and caution in and about the attempt to perform such service, immediately upon said gunny sack coming in contact with said rapidly running belt, and without fault or negligence on the part of plaintiff in any manner whatever, said gunny sack, and plaintiff's hand and right arm in contact therewith, were drawn by said belt over said wheel and around said shaft, and plaintiff's arm, and the bones thereof, crushed, bruised, broken, and mangled; that this defendant's foreman well knew of the fact that plaintiff

was ignorant of the danger attached to the performance of said service, and well knew that plaintiff had had no experience in and about the operation of machinery of that character, or opportunity of acquiring knowledge of the danger of said service, and knew, and ought to have known, that the performance of said service was very dangerous and unsafe, and carelessly and negligently ordered plaintiff to perform said service and carelessly and negligently failed to advise plaintiff of the dangerous and unsafe character of said service at and prior to the time plaintiff undertook to perform the same."

In the solution of a question raised by a general demurrer to a petition made at the time of trial, and such was the effect of the action we have described in this case, there is to be applied the rule that the allegations of the petition shall be liberally construed and, if possible, the pleading sustained. (*Roberts v. Taylor*, 19 Neb. 184.) In the decision of the case of *Jones v. Florence Mining Co.*, 66 Wis. 277, 28 N. W. Rep. 207, the supreme court of Wisconsin announced the following rule, the principle of which we think applicable herein, and approve: The duty devolved upon the master, employing in a dangerous occupation a servant, who, from youth, inexperience, ignorance, or want of general knowledge, may fail to appreciate the danger, to first instruct the servant, and warn him, so that he may comprehend the danger, and do the work safely with proper care on his part; and this, even though the servant consented to be employed in the dangerous situation. In the body of the opinion it is said, and citations made in support of the statement, that: "We think it is now clearly settled that if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character, or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail

to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely, with proper care on his part. This rule does not in any manner conflict with the other well established rule that the employé in any particular business assumes all the risks and hazards which are incident to such business, when the employé is of sufficient intelligence and knowledge to comprehend the dangers incident to his employment; and in the case of an adult person, in the absence of evidence showing the contrary, the presumption is that the employé has sufficient intelligence to comprehend the dangers incident to his employment. (*Coombs v. New Bedford Cordage Co.*, 102 Mass. 572; *Sullivan v. India Mfg. Co.*, 113 Mass. 396; *Grizzle v. Frost*, 3 Fost. & F. [Eng.] 622; *Gilman v. Eastern R. Co.*, 13 Allen [Mass.] 433, 441, 442; *Bartonshill Coal Co. v. Reid*, 3 Macq. [Scotch] 266-295; *Hill v. Gust*, 55 Ind. 45; *St. Louis & S. E. R. Co. v. Valirius*, 56 Ind. 511; *Union P. R. Co. v. Fort*, 17 Wall. [U. S.] 553; *Thompson v. Railroad Co.*, 14 Fed. Rep. 564; *Cook v. St. Paul, M. & M. R. R. Co.*, 24 N. W. Rep. [Minn.] 311; *Anderson v. Morrison*, 22 Minn. 274; *Strahlendorf v. Rosenthal*, 30 Wis. 674.) These cases, and many others which might be cited, fully establish the rule as above stated in regard to the employment of servants who, by reason of youth, inexperience, or want of capacity, are unable to comprehend the dangers incident to a hazardous employment. There are many reasons given by the courts for holding to the rule above stated, the most satisfactory of which are: (1) that the master owes a duty toward an employé who is directed to perform a hazardous and dangerous work, or to perform his work in a dangerous place, when the employé, from want of age, experience, or general capacity, does not comprehend the dangers, to point out to him the dangers incident to the employment, and thus enable him to

comprehend, and so avoid them, and that neglect to discharge such duty is gross negligence on the part of the employer; (2) that such an employé does not assume the risk of the dangers incident to such hazardous employment, because he does not comprehend them, and the law will not therefore presume that he contracted to assume them." In the opinion in the case of *Verdelli v. Gray's Harbor Commercial Co.*, 115 Cal. 517, 47 Pac. Rep. 364, the following observations on this subject are made: When one who is known to be an inexperienced person is put to work upon dangerous machinery, the employer is bound to give him such instructions as will cause him to fully understand the danger attending the employment and the necessity for care. "The law applicable to cases of this kind has been many times declared by this court. In *Ingerman v. Moore*, 90 Cal. 410, 27 Pac. Rep. 306, it is said: 'It is well settled that one who enters the service of another takes upon himself the ordinary risks of the employment; and if he is an adult, and engages to do a particular work, the employer has a right to presume, unless otherwise informed, that the employé is competent to perform it, and understands and appreciates such risks. But, on the other hand, when one who is known to be an inexperienced person is put to work upon machinery which is dangerous to operate, unless with care, and by one familiar with its structure, the employer is bound to give him such instructions as will cause him to fully understand and appreciate the danger attending the employment, and the necessity for care.' " (See, also, *Mullin v. California Horseshoe Co.*, 105 Cal. 77, 38 Pac. Rep. 535; *Ryan v. Los Angeles Ice & Cold Storage Co.*, 112 Cal. 244, 44 Pac. Rep. 471; *Foley v. California Horseshoe Co.*, 47 Pac. Rep. [Cal.] 42; *Harrison v. Detroit, L. & N. R. Co.*, 44 N. W. Rep. [Mich.] 1034; 2 Thompson, Negligence 1010; *Nelson Mfg. Co. v. Stoltzenburg*, 59 Ill. App. 628.)

Liberally construed, the petition in this case stated a cause of action within the doctrine of negligence of the

master relative to the rights of a servant, as given in the cases to which we have referred, and was sufficient to withstand the demurrer of the time interposed; hence the trial court did not err in overruling the objection to the introduction of any evidence.

Objections were urged against instruction numbered 4 of the court's charge to the jury, which read as follows: "You are instructed that a servant is held to assume the ordinary risks of the business upon which he enters as far as these risks, at the time of entering upon the business, are known to him, or could be readily discernible by a person of his age and capacity in the exercise of ordinary care; and while a person who engages for a particular service only agrees to encounter the danger of that service, yet if being assigned to duties not within his contract, he determines to perform them as a part of his engagement, he is held to assume the necessary risks attendant thereon; and in that case it is for you to determine, from a fair consideration of all the testimony, whether the danger, if any, to which the plaintiff was exposed at the time he entered upon the task of wiping the water from the moving belt, was such a danger as was known to him or could have been readily seen by a person of his age and capacity in the exercise of ordinary care." It is complained that the portion of this from the beginning, to and inclusive of the words "ordinary care," limits the risks which the jury were told the servant assumed to such as were known at the time of the employment or then discernible by the exercise of ordinary care. This portion of the instruction is open to the criticism made, and, furthermore, is defective and erroneous. The general rule, of which it is undoubtedly an attempted statement, is that the servant assumes all the ordinary risks incident to the employment (*Missouri P. R. Co. v. Baxter*, 42 Neb. 793, 60 N. W. Rep. 1044; *Dehning v. Detroit Bridge & Iron Works*, 46 Neb. 556, 65 N. W. Rep. 186; *Chicago, B. & Q. R. Co. v. McGinnis*, 49 Neb. 649, 68 N. W. Rep. 1057; *Chicago, B. & Q. R. Co. v. Curtis*, 51 Neb.

442, 71 N. W. Rep. 42); and not alone such as are at the time designated in the instruction under examination known to the employé or then readily discernible by him by the use of ordinary care. This error was well calculated to mislead the jury in the present case as there was testimony to the effect that the defendant in error had wiped the belt at times during his employment and in a similar manner, prior to the attempt which closed with the injuries of which he complains in this suit.

Relative to the further portion of the instruction, it is insisted that it was not applicable to any issue presented by the pleadings or to the evidence. There was testimony to the effect that the act which the defendant in error essayed was not within the scope of his duties, but no such issue was raised by or of the pleadings, and the latter portion of the instruction was improper and should not have been given. Whether this, in the absence of further error or errors, would be sufficient to call for a reversal of the judgment would probably depend on another question, i. e., whether there was evidence on another and independent issue to sustain the verdict rendered. (*Crosett v. Whelan*, 44 Cal. 200.) But we need not and will not investigate as to this latter point more especially since it would involve an inquiry into the evidence and a discussion of it and its weight.

It is also argued that paragraph 5 of the charge to the jury was erroneous in that it was therein attempted to include all the elements of the cause as developed in evidence under the issues, and that essential matters were omitted. As we read the instruction the complaint made against it is not of force. The paragraph is probably not free from faults, but, if it has defects, the one urged is not one of them.

As, for the error herein indicated in regard to a portion of the fourth instruction, there must be a new trial ordered, we deem it best not to comment on or discuss the evidence, and will pass the assignment of its insufficiency to support the verdict.

The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.