SCHMIT v. GILLEN.

GOULDEN v. SAME.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. MASTER AND SERVANT—SEWER CONTRACTORS—SAFE PLACE TO WORK.
It is the duty of a general contractor, who has undertaken the construction of a system of village sewers, to make safe the trench where the servants engaged in laying pipe are compelled to work.

2. SAME—FELLOW SERVANTS.
The servants who open a sewer trench are not fellow servants of those subsequently engaged in laying the pipe.

3. SAME—CONTRIBUTORY NEGLIGENCE.
Servants injured while engaged in laying sewer pipe in a trench under the direction of the master, and with his assurance that everything was all right, where they observed nothing to warn them of any danger, are not guilty of contributory negligence, as a matter of law.

4. TRIAL—INSTRUCTIONS.
It is not error to charge that the jury may consider a certain fact, because evidence of defendant as to such fact was excluded, where the error in excluding it was corrected, and there was ample proof on the subject.

5. SAME.
An instruction not applicable to the evidence is properly refused.

Appeal from trial term, Queens county.

Actions by Joseph Schmit and James Goulden against James F. Gillen. The cases were tried together. From a judgment for plaintiff in each case, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Stewart Ross, for appellant.
James C. Van Siclen, for respondents.

WILLARD BARTLETT, J. The plaintiffs have recovered damages against the defendant for personal injuries sustained by them while engaged, as laborers in his employ, in the work of laying pipe along the bottom of a sewer trench in the village of Jamaica. The defendant was a general contractor, who had undertaken the construction of a system of village sewers. It was his duty to exercise reasonable care to make the trench where the plaintiffs were injured a safe place for them to work in while laying the sewer pipe which they were directed to place in position therein. Kranz v. Railroad Co., 123 N. Y. 1, 25 N. E. 206. The persons who opened the trench are not to be deemed fellow servants, whose negligence in failing to sheath it properly was a risk which the plaintiffs assumed. Id. The plaintiff Schmit testified that the defendant's foreman put him in the ditch,

that the defendant saw him there, and that they said everything was all right and he need not be afraid. The plaintiff Goulden helped Schmit in laying the pipe, and swore that he did so by the direction of the defendant's foreman. Both plaintiffs declared that they observed nothing which served to warn them of any danger. Under the circumstances, they were not chargeable with contributory negligence, as matter of law. Doyle v. Baird (Com. Pl.) 6 N. Y. Supp. 517. There was evidence from which the jury could find that the trench was over 6 feet in depth at the place where the plaintiffs were at work when the side caved in upon them, and that there was no sheathing at this point, the only support to the sides being furnished by braces 10 to 12 feet apart. It was also proved by the foreman of sewer construction, employed by the defendant, and called as a witness in his behalf, that work of this kind was usually done by sheathing it in some places, or bracing it in others by braces 5 feet apart, according to the character of the ground; the custom being, in sandy soil, to sheath the sides after getting down to a depth of 5 feet. The jury may well have found that the depth of the trench and character of the soil required sheathing or a larger number of braces at the place where the accident occurred, and that the failure to provide one safeguard or the other constituted negligence on the part of the master.

No exceptions were taken to the charge, or to the refusals of the court to charge as requested by defendant's counsel. It is argued, however, that the learned trial judge committed several errors injurious to the defendant, not only in the instructions actually given to the jury, but also in declining to instruct them as desired by defendant's counsel; and we are asked to grant a new trial on account of these alleged errors, notwithstanding the absence of exceptions. But a careful examination of what the court charged and refused to charge satisfies us that the learned trial judge did not err in either respect, when we consider the proof before the jury to which his instructions related. We do not deem it necessary to discuss in detail all these alleged errors, but two of them require notice. It is argued that the court ought not to have charged the jury that they might consider the manner in which the shoring and supporting of the trench was done, because evidence offered in behalf of the defendant as to what was customary in the way of bracing a sewer ditch of this kind was excluded on the trial. It is true that such a ruling was made when the evidence was first offered, but the error in excluding it was shortly afterwards corrected, and there was ample proof on the subject before the case went to the jury. It is also said that the court erred in refusing to charge that the verdict should be in favor of the defendant if the plaintiffs were injured by reason of the negligence of a fellow servant. This refusal, however, was justified by the fact that there was no evidence which would have supported a finding that the accident was thus caused.

There is a stipulation in the case on appeal that no question will be made that the verdict is excessive in either case. No other matter demands our consideration, and it follows that the judgment and order in each action should be affirmed. All concur.