# C. H. Vorhees *v.* The Lake Shore & Michigan Southern Railway Company, Appellant.

*Negligence—Railroad—Master and servant — Brakeman—Contributory negligence.*

In an action against a railroad company by a brakeman to recover damages for personal injuries, the case is for the jury where the evidence shows that the plaintiff was injured while in the performance of his duty in a space between the inner and outer rails of two sidings; that this space was insufficient in width to enable a brakeman properly to discharge his duties, and that the plaintiff had no knowledge of the insufficiency of the space.

Argued April 25, 1899.    Appeal, No. 342, Jan. T., 1899, by defendant, from judgment of C. P. Erie Co., Nov. T., 1896, No. 120, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before MORRISON, J., of the 48th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

4. The plaintiff in this case having received his injuries while acting in violation of the provisions of rules 602 and 603, with which he says he was familiar, cannot recover in this case and

the verdict must be for the defendant.  *Answer :*  We answer this point in the negative and leave the question to you, as we have already said in the general charge, whether or not he was violating the rules and was guilty of negligence in what is assumed in this point. [1]

5. The plaintiff in this case, having attempted to leave his train while it was in motion, in violation of rule 602, with which he says he was familiar, was guilty of contributory negligence, and the verdict must be for the defendant.  *Answer :*  We answer that in the negative and say to you that we cannot say as a matter of law that he was guilty of contributory negligence in attempting to get down at this time, but leave the question to you to say whether or not he was. [2]

6. The evidence shows that the plaintiff could have descended from the car on the north side, instead of the south side thereof, and thereby avoided the danger to which he was liable by coming into contact with the car upon the siding south of the track upon which his train was passing.  His attempt to leave the car on the south side thereof was such a negligent act as prevents him from recovering in this case, and the verdict should be for the defendant.  *Answer :*  We answer this in the negative and leave it to the jury to say whether or not it was such a negligent act as prevents his recovery. [3]

7. The accident in this case having occurred at about 3 o'clock P. M., in broad daylight, when the defendant either saw or could have seen the car with which he came into contact, and knew, or should have known, that he would probably come into contact therewith by getting off the south side of the car on which he was riding, he was guilty of contributory negligence in so doing, and the verdict of the jury must be for the defendant.  *Answer :*  We answer this in the negative ; it would withdraw the case from you if we answered it in the affirmative, and we leave that question to you, to say whether he was guilty of such contributory negligence as prevents his recovery. [4]

8. Under all the evidence in this case, the verdict must be for the defendant.  *Answer :*  We answer this in the negative. [5]

Verdict and judgment for plaintiff for $3,500.  Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Theo. A. Lamb*, for appellant.—Negligence in a servant may, and often does, consist in failing to know, as well as failing to do; and such is always the case when it is his duty to inform himself and know: Brossman v. Lehigh Valley R. R. Co., 113 Pa. 490; Owen v. N. Y. C. R. R. Co., 1 Lansing, 108; Sykes v. Packer, 99 Pa. 465; Wharton on Negligence, sec. 206; Diehl v. Lehigh Iron Co., 140 Pa. 487; Fulford v. Lehigh Valley R. R. Co., 185 Pa. 329.

Compared with a low overhead bridge or tunnel, the danger arising from the use of this switch was slight, and yet even as to such structures, the rule is well settled, that an employee having knowledge, or an opportunity to know, of their condition, cannot recover, no matter how dangerous they may be: Pittsburg, etc., R. R. Co. v. Sentmeyer, 92 Pa. 276.

*George A. Allen*, with him *L. Rosenzweig*, for appellee.—What constitutes negligence in a given case is a question for the jury, whenever material facts are disputed, or even in doubt, or inferences of fact are to be drawn from the evidence; and it is then the exclusive province of the jury to determine the facts and apply to them the law declared by the court. The line of demarkation in this respect between the duty of the court and that of the jury should be carefully guarded and, while the court should never permit the jury to disregard or evade its instructions, it should be equally careful not to take upon itself the determination of facts, about which there may be any question: Fisher v. Ry. Co., 131 Pa. 292, and Ryan v. Ardis, 190 Pa. 66.

What constitutes negligence in a given case is generally a question for the jury and not for the court: Schum v. Penna. R. Co., 107 Pa. 8; Penna. R. Co. v. Coon, 111 Pa. 430; Penna. R. Co. v. White, 88 Pa. 327.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 6, 1899:

The supposed defect on which the motion to quash this appeal is based was cured by the certificate of the learned judge who specially presided at the trial, and the motion is therefore denied.

This action was brought to recover damages for personal injuries suffered by the plaintiff while in the service of the defendant company as rear end brakeman on one of its through freight trains. At the point where the accident occurred, in the borough of North East, there are five tracks, viz: two main tracks, two main sidings, and an extra siding or "spur," known as Porter siding, constructed for the purpose of accommodating the grape traffic at that point during the autumn months. The regulation distance between the tracks on defendant company's road is from seven feet to seven feet, two inches, but the Porter siding was so constructed as to leave only from five feet, six inches to six feet between it and the south main siding. The space thus left between the south rail of the south main siding and the north rail of the Porter siding was alleged to be insufficient to enable a brakeman of a freight train on the former to safely discharge his duties when cars were on the Porter siding. The freight train on which plaintiff was employed was switched from the main track west to the south main siding to permit a west bound passenger train to pass. When that train had passed and plaintiff's train was being moved from the siding to the main track from which it had been switched, it was his duty to see whether his conductor was at the switches for the purpose of closing them, and, if he was not, it became plaintiff's further duty to close them. Finding that the conductor was not there, he undertook to descend from the top of the cars, and while on the ladder at the side of one of them he was struck and thrown down by coming in contact with a car standing on the Porter siding, and part of the train passed over his left leg, crushing it so that amputation became necessary.

Plaintiff testified fully and minutely to all the facts and circumstances connected with the accident, explaining why and how he attempted to descend from the car, etc. Among other things he said he had been in the employ of the company for a number of years, running on that division, but he had never before been on that particular siding, and had no knowledge, at that time, that the space between it and the Porter siding or "spur" was so narrow; that as his train pulled out "and got near the switches," he "got in position" where he could look and see that the conductor was there to close the switches, and, not finding him there, it

became his "duty to go down the side of the car on the south ladder," where he was struck.

Without further reference in detail to the plaintiff's testimony, it clearly appears that the evidence before the court and jury tended strongly to show the faulty construction of the Porter siding, and the dangerous man-trap that was thereby set for brakemen and other employees of the company. The evidence was quite sufficient to carry the case to the jury on the question of the defendant company's negligence as the proximate cause of plaintiff's injury.

In Brossman v. Lehigh Valley Railroad Co., 113 Pa. 490, this Court said: "Where a railroad company negligently plans an obstruction over its roadway, dangerous to the lives of its employees, it fails in its duty to them, and, therefore, if a person enters the service of the company in ignorance of such danger and remains ignorant thereof until injured or killed by it, the company is liable for damages." In Pitts. & Connellsville Railroad Company v. Sentmeyer, 92 Pa. 276, it was said: "Where a railroad company voluntarily subjects its employees to dangers which it ought to provide against, and an accident happens to an employee from want of proper provision against such dangers, the company is undoubtedly liable."

The improper construction of the Porter siding created a positive danger, but it was one of such a character that it would ordinarily escape the notice of the most careful brakeman unless his attention was specially directed thereto. E. S. Hagen, who had two years' experience as brakeman on the road, testified that he had no knowledge of this dangerous place prior to the accident.

A careful consideration of all the evidence, with special reference to the several specifications of error, has satisfied us that the case depended on questions of fact which were properly for the consideration and determination of the jury. Taking this view of the evidence, the learned trial judge refused to affirm defendant's prayers for binding instructions in its favor, and, in an elaborate and fully adequate charge, submitted the case to the jury on the questions of defendant company's negligence and the alleged contributory negligence of the plaintiff. We are not convinced that there was any error in thus submitting the case. The findings of fact on

which the jury must have based their verdict were warranted by the evidence before them. When plaintiff was injured he was acting in the plain discharge of his duty to the company defendant. He was using the appliances that it had provided for him. He testified positively that he was not acquainted with the Porter siding. Whether, from his experience, or from opportunities of examination afforded him before the time of the accident or otherwise, he knew, or ought to have known, the dangerous character of that siding, whether or not he was justified in choosing the time and manner of his descent from the top of the car, and whether or not, under the circumstances, and especially in view of the duties he was required to perform, he was guilty of any act of negligence which contributed to his injury, etc., were necessarily questions of fact for the jury, under all the evidence before them. The defendant company has certainly no reason to complain of the manner in which these and other questions were submitted.

Finding no substantial error in the record, the assignments of error are dismissed and the judgment is affirmed.