ROY KERKER, by Anna Kerker his next friend, Appellant, v. BETTENDORF METAL WHEEL Co. Appellee.

**Master and servant:** DUTY TO WARN: CARE ON PART OF SERVANT. It 1 is the duty of the master to warn an inexperienced or immature servant of the latent danger incident to his employment, but this rule does not excuse the employee, whether a minor or an adult, from exercising reasonable care for his own safety; and what is reasonable care depends upon the age, capacity and experience of the servant, whether the danger is obvious or otherwise, the character of the work and the circumstances under which it is to be performed.

**Same:** ASSUMPTION OF RISK. Mere knowledge of a dangerous condition will not necessarily charge a servant with assumption of risks concerning dangers he does not comprehend or appreciate, unless they are such that a reasonable person of his age ought to know and appreciate them; and ordinarily it is for the jury to say whether a minor comprehends the danger to which he is exposed in a sense that will relieve the master of his duty to warn.

**Same:** DUTY TO WARN. It is the duty of the master to warn an inexperienced workman of the danger incident to flying particles of steel, when employed in a place where the hammering of steel is at all times accompanied by such dangers.

**Same:** UNSAFE PLACE TO WORK: KNOWLEDGE OF SERVANT. Where there was evidence tending to show that a minor, employed in a shop some considerable distance from where the hammering of steel was carried on, had no knowledge of the danger incident to the flying particles of steel, except such as he might have gained in passing the place from time to time about his work, the court cannot say as a matter of law that he knew, or ought to have known, the danger to which he was subject in so doing.

**Unsafe place to work:** KNOWLEDGE OF MASTER. It is immaterial that a master does not consider the flying particles from hammered steel as dangerous to workmen rightfully employed in the vicinity; and his ignorance of the danger will constitute no defense to an action by one thus sustaining injury without fault on his part.

**Duty to warn.** The master's duty to warn arises only where he knows, or ought to know, the youth or inexperience of the servant.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

FRIDAY, NOVEMBER 20, 1908.

ACTION at law to recover damages for personal injury. There was a directed verdict for the defendant, and from the judgment entered thereon, the plaintiff appeals.— *Reversed.*

*Ely & Bush,* for appellant.

*Cook & Dodge,* for appellee.

WEAVER, J.—The defendant owns and operates a plant for the production of metal wheels used in various kinds of machinery. The business, or some portion of it, is carried on in a shop about three hundred and seventy feet long, different parts of which are devoted to different branches of the work required in turning out the finished product. About two years prior to the accident complained of Roy Kerker, then a boy of sixteen years, entered the defendant's employ, and during most of that period worked at or with a device known as a "shoulder machine" near one end of the shop. During the same period at a point about one hundred and twenty-five feet from the boy's station, and near the center of the shop, was what the witnesses call a "truing post," at or near which the final work of finishing and testing the wheels is performed. In performing this work, the hammering of iron or steel was a frequent occurrence. Caused by the force of the blows falling on the metal of the wheels, or by the hammer of one workman striking the face of a sledge held against the metal by another workman, small pieces or flakes known as "spawls" were likely to be broken from the face of the hammer, and fly to a considerable distance with velocity sufficient to injure a person happening in the line of its flight. The plaintiff had never performed this labor, nor had he worked in the immediate vicinity of the truing post, but he made daily trips from his own station to the oil room, at the further extremity of the building, and in so doing passed within a few feet of the post. On the day in question he started for the oil room, and, while passing the post, a spawl from the hammer of a workman struck him in the eye, causing a severe and painful injury for which he seeks to recover damages.

This claim is based upon the theory that defendant was negligent in failing to provide plaintiff a safe place

to work, and in the use of defective hammers, and more especially in failing to warn and instruct the plaintiff concerning the danger of such injuries and of the means and methods of avoiding it. That such danger did, in fact, exist, the defendant concedes, and pleads in answer to plaintiff's petition that "in the use of all hammers there is a possibility of splinters or spawls flying from said hammers, and in striking steel with a standard hammer it is always possible that splinters or spawls will be thrown with great force either from the hammer or from the metal being struck, and that this flying of chips is inherent in the use of hammers and ordinarily incident to the business of manufacturing from iron and steel, and is one of the dangers necessarily incident to the defendant's business." There is evidence tending to show that the labor performed at plaintiff's station in the shop involved no hammering of metal, and he swears that he had no knowledge of the danger from flying spawls where such hammering is being done. He says he was never instructed or warned concerning such danger, and in this he is not contradicted. The motion to direct a verdict is based on the following grounds: (1) Because it appears without dispute that the defendant furnished and used in its plant only standard hammers, of the kind and quality generally used in similar shops, and no chips or splinters had ever flown from such hammers in the history of the plant in a way to be dangerous to the knowledge of the defendant, and that there was no recognized danger in the use of such hammers as they were employed in said plant. (2) Because it affirmatively appears that in the use of hammers upon steel there is always a possibility of flying spawls, and that such occurrences are unavoidable and naturally incident to the business, and that plaintiff assumed the risk thereof in entering the employment of the defendant. (3) Because of the failure of plaintiff to prove the negligence alleged in his petition. (4) Because there is no evidence that the hammer from

the use of which plaintiff was injured was in any way defective or improper for the use to which it was put. (5) Because the evidence fails to show any negligence on part of the defendant in any respect whatever. This motion was sustained generally without any discussion of the several points therein made. The argument in this court is confined principally to the question whether, under the circumstances as disclosed under the evidence, the defendant was negligent in failing to warn or instruct the plaintiff as to the danger to which he was, or might be, exposed from flying spawls while passing near the truing post in the course of his employment. We shall therefore turn our attention to that proposition, and to the evidence bearing thereon.

I. That due care on part of the master may require him under some circumstances to instruct or warn his servant concerning the dangers incident to his employment is well established. The duty is most imperative where the danger is of a latent or obscure character, and where the master knows the servant to be inexperienced or of immature age. *Wilder v. Cereal Co.*, 130 Iowa, 263; 20 Am. & Eng. Encyc. Law (2d Ed.), 97. To use the language of the Massachusetts court: "Where an employer knows the danger to which his servant will be exposed in the performance of any labor to which he assigns him and does not give him sufficient and reasonable notice thereof, its danger not being obvious, and the servant without negligence on his part through inexperience or through reliance on the directions given fails to perceive or understand the risk and is injured, the employer is responsible. The dangers of a particular position or mode of doing work are often apparent to a person of capacity or knowledge of the subject, while others from youth, inexperience, or want of capacity may fail to appreciate them, and the servant even with his own consent is not to be exposed to

1. MASTER AND SERVANT: duty to warn: care on part of servant.

such dangers unless with instructions and cautions sufficient to enable him to comprehend them and to do his work safely with proper care on his own part." *Leary v. Railroad Co.,* 139 Mass. 580 (2 N. E. 115, 52 Am. Rep. 733). See, also, *Ross v. Walker,* 139 Pa. 48 (21 Atl. 157, 159, 23 Am. St. Rep. 160); *Hughes v. Railway,* 79 Wis. 264 (48 N. W. 259); *Norfolk Beet Sugar Co. v. Hight,* 56 Neb. 162 (76 N. W. 566). The Wisconsin court has stated the rule in the following language: "The master owes a duty toward an employee who is directed to perform a hazardous or dangerous work or to perform his work in a dangerous place when the employee, from want of age, experience or general capacity, does not comprehend the dangers, to point out to him the dangers incident to the employment, and thus enable him to comprehend and so avoid them; and neglect to discharge such duty is gross negligence on the part of the employer." *Jones v. Florence Mining Co.,* 66 Wis. 268 (28 N. W. 207, 57 Am. Rep. 269). It should be said, however, in this connection, that the rule is not to be so interpreted as to excuse the employee, whether a minor or adult, from the exercise of reasonable care for his own safty. What is reasonable care will depend in each instance upon the age, capacity, and experience of the employe, and upon the further fact whether the danger complained of is obvious or otherwise, and the character of the work and the circumstances under which it is to be performed. 1 Labatt on Master & Servant, section 291.

Mere knowledge of the condition will not necessarily charge the employee with assumption of risk concerning dangers which he does not comprehend and appreciate, unless as a reasonable person of his age and experience he ought to know and appreciate the peril to which he is exposed. *Smith v. Irwin,* 51 N. J. Law, 507 (18 Atl. 852, 14 Am. St. Rep. 699). Ordinarily it is for the jury to say whether a minor

*2.* SAME: assumption of risk.

comprehended the danger to which he has been exposed in such a sense as to absolve the employer from the obligation to instruct him. It is only when the proper inference from the testimony is so clear as to be free from doubt that it becomes a matter of law for the court. *Wolski v. Knapp, Stout & Co.,* 90 Wis. 178 (63 N. W. 87); *Tagg v. McGeorge,* 155 Pa. 368 (26 Atl. 671, 35 Am. St. Rep. 889).

Taking these rules as correct statements of the law, it is obvious that the first question to be considered is whether the danger from the flying spawls was of such character as made it the duty of the defendant to instruct or warn the plaintiff concerning it. It is practically conceded, and, if not conceded, the evidence would justify the conclusion, that the work of hammering the wheels as carried on by the defendant at or near the truing post was at all times accompanied by danger, and that these small pieces of steel broken from the face of the hammers would fly off with sufficient force to inflict bodily injury upon any person unfortunate enough to be hit thereby. In *Vohs v. Shorthill,* 124 Iowa, 471, we had to deal with a personal injury arising from a very similar source, and we held that an inexperienced person put to work by his employer in a place where he would be exposed to these flying missiles was entitled to the benefit of the rule which requires the master to instruct the inexperienced servant concerning the risk to which he is exposed. We there said "The witnesses who are familiar with similar work testify, on behalf of plaintiff, that there was danger of bits of steel flying from the rail or from the chisel or the sledge, and that they were likely to fly with such swiftness that they were invisible, and were calculated to inflict severe injury upon the eyes of a person within range, unless such person took care to guard against the danger by wearing a hood. It appears to us that the precaution to be taken was not unreasonable nor inconsis-

*3. SAME: duty to warn.*

tent with the prosecution of the work in which plaintiff was engaged, and the danger we think was one which an inexperienced workman would not fully appreciate." The language quoted is, we think, clearly applicable to the circumstances disclosed in the case at bar, and the doctrine there affirmed must in our judgment be held to govern the question presented by the present appeal.

II. We have next to inquire whether, even conceding it to have been the duty of the defendant to instruct or warn the plaintiff concerning the danger from this source, the court may yet say as a matter of law that he had been employed in the shop for such a length of time that he will not be heard to deny that he knew, or ought to have known, of the risk to which he was there subjected. If during his services in the shop plaintiff had been employed in hammering metals, or if his station had been in such close proximity to others performing such work, that in the ordinary use of his senses he would in all probability have known of the danger to be apprehended therefrom, it might well be seriously contended that the circumstances in this respect presented no question for the jury. The record, however, shows, or tends to show, that plaintiff's station was, as we have already stated, about one hundred and twenty-five feet from the truing post, and that his principal observation of the work of hammering the wheels was such as he obtained in passing from time to time to and from the oil room. He further testifies as a witness that he had no knowledge of the tendency of the hammering to produce flying spawls, and, upon such a showing, we think it not within the province of the court to take the case from the jury. It has often been held that a jury question is presented where the evidence tending to establish ignorance or want of notice is that of the injured servant alone, whether it merely has a direct relation to the physical relations existing at or before the time of the

4 SAME: unsafe place to work: knowledge of servant.

accident, or amounts to a general denial of his possession
of the knowledge which it is sought to impute to him.
*King v. Railway Co.*, 108 Iowa, 748; *Schmit v. Gillen*, 41
App. Div. 302 (58 N. Y. Supp. 458); *McGar v. Mills*,
2 R. I. 347 (47 Atl. 1092). In *Vorhees v. Railroad Co.*,
193 Pa. 115 (44 Atl. 335) the question whether one who
had for two years been a brakeman on the road, the regu-
lation distance between the tracks of which is seven feet,
knew or ought to have known that a certain siding was only
five feet six inches from the next track, and the consequent
danger, he testifying that he did not know thereof, was
held to be for the jury. See, also, to same point, *Whitcher
v. Railroad Co.*, 70 N. H. 242, (46 Atl. 740); *Pierce v.
Clavin*, 82 Fed. 550 (27 C. C. A. 227); *Hollenbeck v.
Railroad Co.*, 141 Mo. 97 (38 S. W. 723, 41 S. W. 887);
*Veginan v. Morse*, 160 Mass. 143 (35 N. E. 451); *Thomas
v. Railroad Co.*, 114 Mich. 59 (72 N. W. 40).

Counsel for defendant urge with considerable earnest-
ness that the work of hammering wheels was not productive
of any "recognized danger." We are not entirely cer-
tain that we understand the point here sought

5. UNSAFE PLACE TO WORK: knowledge of master.

to be made. If it is meant simply that the
defendant or its managers did not recognize
any danger from that source, we think it entirely imma-
terial. The pertinent question is whether it did, in fact,
create a danger to those who might be rightfully in the
vicinity where the work was being carried on, and, if such
work was naturally productive of flying spawls from which
the workmen or others rightfully there were exposed to
injury, it was the business of the defendant to know and
recognize that fact whether it did so or not, and its ignor-
ance would constitute no defense to a person thus sustain-
ing injury without fault on his own part. But, if by the
term "recognized danger" counsel mean that injury from
such source is of such rare and unusual occurrence that
danger therefrom may be disregarded by employers acting

with reasonable prudence and care, we have to say that such a state of facts is not so clearly made out by the record that we can properly pass thereon as a matter of law.

The conclusions here announced do not in any manner overturn or ignore the general rule that the servant assumes the risks which are naturally incident to the em-
**6. DUTY TO WARN.** ployment upon which he enters, nor does it in any manner abrogate that other well-settled rule that, where a person of mature years undertakes any employment, the master may assume that he has or claims to have sufficient experience to know and appreciate the dangers ordinarily incident to the undertaking. The duty of the master with respect to warning and instruction arises only where he knows, or under the circumstances ought to know, the youth or inexperience of the person whom he takes into his service.

For the reasons hereinbefore indicated, we hold that the motion to direct a verdict should have been overruled.

The judgment of the district court is therefore *reversed*.