## ARMOUR *v.* HAHN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

Argued April 3d, 1884.—Decided April 14th, 1884.

*Master and Servant.*

The obligation of a master to provide reasonably safe places and structures for his servants to work upon does not oblige him to keep a building, which they are employed in erecting, in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow servants.

Carpenters, under charge of a foreman, and bricklayers, all employed by the owner through his superintendent, were engaged in the erection of a building, with a cornice supported by sticks of timber passing through the wall (which was thirteen inches thick) and projecting sixteen inches, and to be bricked up at the sides and ultimately over the top of the timbers. When the wall had been bricked up on a level with, but not yet over, the timbers, the foreman of the carpenters directed two of them to take a joist for the edge of the cornice, and to push it out to the ends of the projecting timbers. In so arranging the joist, a carpenter stepped on the projecting part of one of the timbers, which tipped over, whereby he fell and was hurt. *Held,* That the owner of the building was not liable to him for the injury.

This is an action brought by Hahn against Armour and others (of whom Armour alone was served with process), to recover damages for injuries suffered by the plaintiff while

employed as a carpenter in the erection of a building for the defendants.

The petition alleged that the plaintiff was and long had been in the defendant's employ as a carpenter, and while at work, together with others, in building an addition to a large packing-house owned and occupied by the defendants, was directed by them and their agents to take a joist and place it on the outer ends of sticks of timber inserted in and projecting from the wall of the new building; that while arranging and adjusting the joist, in accordance with the instructions of the defendants and their agents, it became necessary for him to step out upon one of the projecting timbers; that, immediately upon placing one foot upon the projecting timber, and while stooping over to arrange the joist, and without any notice, warning, or reason to believe that the projecting timber was insecure or unsafe, and without any fault or neglect on his part, the timber gave way, precipitating him from the top of the wall thirty-four feet to the platform beneath; that the defendants, well knowing the danger, negligently and wrongfully directed him to go out upon the projecting timber to arrange the joist, without advising him of the danger; and that by reason of the negligence of the defendants, in not having secured the projecting timber to the wall, and in not notifying him of its dangerous condition, he suffered great bodily injuries.

The testimony introduced for the plaintiff at the trial was in substance as follows: The plaintiff was engaged with twelve or thirteen other carpenters, all paid by the day, in the erection of the new building. Bricklayers and other laborers were also at work upon it. The plaintiff was employed and paid by one Alcutt, the superintendent of the packing-house. One Fitzgerald was foreman of the carpenters, but not of the other workmen. The plaintiff, who had been working on one end of the roof, went to the other end, and was there set to work by the foreman upon the cornice. The cornice was made by inserting in the brick wall (which was thirteen inches thick) at intervals of eight or nine feet and at right angles with it, sticks of timber projecting about sixteen inches from the wall; and by placing on the outer ends of those timbers, and parallel to

the wall, joists sixteen or eighteen feet long and two and a half inches wide. The plaintiff and another of the carpenters were directed by their foreman to take a joist and put it out in its proper place on the projecting timbers. They took it and laid it upon those timbers. The foreman told them to push the joist out to the end of the timbers, but did not tell them to go out. Each man pushed out his end of the joist. The plaintiff, in order to reach over and place the joist, sat down with both feet on one of the projecting timbers, one foot on the part of it inside the wall, and the other foot on the part outside, when the timber tipped over, and caused the plaintiff to fall some thirty-four feet to the platform below, and to suffer the injuries sued for. The wall had just been bricked up on each side of this timber to a level with its upper surface, but no bricks had been laid over it. The foreman stood eight or ten feet further in; there was a space for the bricklayers to build up the wall, and they were working upon it. The plaintiff testified that he helped to put some of the sticks of timber in the old wall, and spiked them to the girders; that he did not know who put this stick of timber in the new wall; that it appeared to be secure; that if it had been fastened he could have stepped out upon it without danger; that if he had kept both feet inside the wall, he could have pushed the joist out, but could not have seen whether it was in the proper place; that he could see that the timber was not spiked, but could not see whether it was fastened; that it could not be spiked then; and that "the usual way of doing it was putting this timber in, and leaving it that way temporarily, and afterwards building the wall up over it." There was also evidence of the extent of the plaintiff's injuries.

At the close of the evidence for the plaintiff, a demurrer to that evidence, upon the ground that it proved no cause of action, was filed by the defendant, in accordance with the following provision of the statutes of Kansas:

"The party on whom rests the burthen of the issues must first produce his evidence; after he has closed his evidence, the adverse party may interpose and file a demurrer thereto, upon the

ground that no cause of action or defence is proved. If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring, as the state of the pleadings, or the proof, shall demand; if the demurrer be overruled, the adverse party will then produce his evidence." Laws of Kansas of 1872, ch. 162, § 1, cl. 3.

The demurrer was argued and submitted to the court, and overruled. The defendant excepted to the ruling. No further evidence was introduced by either party at the trial. The case was submitted, under instructions excepted to by the defendant, and which it is unnecessary to state, to the jury, who returned a verdict for the plaintiff in the sum of $7,500. Judgment was rendered on the verdict, and the defendant sued out this writ of error.

*Mr. J. Brumback* (with whom was *Mr. Wallace Pratt*) for plaintiff in error.

*Mr. Thomas P. Fenlon* (with whom was *Mr. Byron Sherry*) for defendant in error.—I. A demurrer to evidence, in Kansas, is equivalent to an instruction that there is no evidence on which plaintiff can recover. This court has repeatedly said it should not be given if there is any evidence to support an action. *Bank of Washington* v. *Triplett*, 1 Pet. 25; *Parks* v. *Ross*, 11 How. 362; *Spring Company* v. *Edgar*, 99 U. S. 645; *Pence* v. *Langdon*, 99 U. S. 578; *Moulor* v. *Insurance Co.*, 101 U. S. 708.—II. A master when employing a servant is bound to provide him with a safe working place and machinery. *Coombs* v. *New Bedford Card Co.*, 102 Mass. 572; *Cayzer* v. *Taylor*, 10 Gray, 274; *Seaver* v. *Boston & Maine Railroad Co.*, 14 Gray, 466; *Snow* v. *Housatonic Railroad Co.*, 8 Allen, 441; *Gilman* v. *Eastern Railroad Corporation*, 10 Allen, 233. —III. If the negligence of the master combines with the negligence of a fellow servant, and the two contribute to the injury, the servant injured may recover damages of the master. *Crutchfield* v. *Richmond & Danville Railroad Co.*, 76 N. C. 320; *Booth* v. *Boston & Albany Railroad Co.*, 73 N. Y. 38; *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Grand Trunk Railway of*

*Canada* v. *Cummings*, 106 U. S. 700.—IV. It is the duty of an employer, inviting employés to use his structure and machinery, to use proper care and diligence to make thém fit for use. *Railroad Company* v. *Fort*, 17 Wall. 553; *Sullivan* v. *India Manufacturing Co.*, 113 Mass. 396; *O'Connor* v. *Adams*, 120 Mass. 427; *Hobbitt* v. *Railway Co.*, 4 Exch. 253; *Mellors* v. *Shaw*, 1 B. & S. 437; *Lawler* v. *Androscoggin Railroad*, 62 Me. 463; *Fifield* v. *Northern Railroad*, 42 N. H. 225; *Hard* v. *Vermont & Canada Railroad*, 32 Vt. 473; *Snow* v. *Housatonic Railroad*, 8 Allen, 441; *Northcoate* v. *Bachelder*, 111 Mass. 322; *Ladd* v. *New Bedford Railroad*, 119 Mass. 412; *Sword* v. *Edgar*, 59 N. Y. 28; *Blank* v. *N. Y. C. Railroad Co.*, 60 N. Y. 607; *Patterson* v. *Pittsburg & Cornellsville Railroad*, 76 Penn. St. 389; *Mad River, &c., Railroad* v. *Barber*, 5 Ohio St. 541; *Chicago & N. W. R. Co.* v. *Jackson*, 55 Ill. 492; *Chicago B. & Q. R. Co.* v. *Gregory*, 58 Ill. 272; *Chicago & N. W. R. Co.* v. *Ward*, 61 Ill. 131; *Toledo, Peoria & Warsaw Railroad* v. *Conroy*, 61 Ill. 162; *Chicago & Alton Railroad* v. *Sullivan*, 63 Ill. 293; *Toledo Wabash & Western Railroad* v. *Fredericks*, 71 Ill. 294; *Indianapolis, &c., Railroad* v. *Flanigan*, 77 Ill. 365; *Columbus & Indianapolis Railroad* v. *Arnold*, 31 Ind. 175; *Muldowney* v. *Illinois Central Railroad Co.*, 36 Iowa, 463; *Brabbits* v. *Chicago & N. W. R. Co.*, 38 Wis. 289; *Wedgwood* v. *Chicago & N. W. R. Co.*, 41 Wis. 478; *LeClair* v. *St. Paul & Pacific Railroad*, 20 Minn. 9; *Gibson* v. *Pacific Railroad*, 46 Mo. 163; *Keegan* v. *Kavanaugh*, 62 Mo. 230; *Whalen* v. *Centenary Church*, 62 Mo. 326; *Mobile & Ohio Railroad* v. *Thomas*, 42 Ala. 672; *McGlynn* v. *Brodie*, 31 Cal. 376; *Malone* v. *Hanley*, 46 Cal. 409. When a master employs a servant in a work of a dangerous character he is bound to take all reasonable precaution for the safety of the workman. It is not enough for him to employ competent workmen to construct his apparatus. If an expert he must inspect the work; and if not he must employ a competent person to do it. *Toledo Railroad* v. *Moore*, 77 Ill. 217. Agents who are charged with the duty of supplying safe machinery are not, in the true sense of the rule relied on, to be regarded as fellow servants of those engaged in operating. They are

charged with the master's duty to the servant. *Ford* v. *Fitchburg Railroad Co.*, 110 Mass. 240.

MR. JUSTICE GRAY delivered the opinion of the court. He stated the facts in the foregoing language, and continued :

This court is of opinion that the Circuit Court erred in not rendering judgment for the defendant on his demurrer to the plaintiff's evidence.

There was no evidence tending to prove any negligence on the part of the firm of which the defendant was a member, or of their superintendent, or of the foreman of the gang of carpenters. The obligation of a master to provide reasonably safe places and structures for his servants to work upon does not impose upon him the duty, as towards them, of keeping a building, which they are employed in erecting, in a safe condition at every moment of their work, so far as its safety depends upon the due performance of that work by them and their fellows. The plaintiff was not a minor, employed in work which was strange to him, but was a man of full age, engaged in ordinary work of his trade as a carpenter. The evidence tended to show that he and one of his comrades were directed by their foreman to push the joist out on the projecting sticks of timber, not that he told them to go out themselves. The projecting timber upon which the plaintiff placed his foot was inserted in a wall which was in the course of being built, and which at the time had been bricked up only so far as to be on a level with the upper surface of the timber. The usual course, as the plaintiff himself testified, was to put the timber in, and leave it in that way temporarily, and afterwards build the wall up over it. It is not pretended that the stick of timber was in itself unsound or unsuitable for its purpose. If it was at the time insecure, it was either by reason of the risks ordinarily incident to the state of things in the unfinished condition of the building; or else by reason of some negligence of one of the carpenters or bricklayers, all of whom were employed and paid by the same master, and were working in the course of their employment at the same place and time, with an immediate common object, the erection of the building, and therefore,

within the strictest limits of the rule of law upon the subject, fellow servants, one of whom cannot maintain an action or injuries caused by the negligence of another against their common master. *Hough* v. *Railway Co.*, 100 U. S. 213; *Randall.* v. *Baltimore & Ohio Railroad*, 109 U. S. 478.

The judgment of the Circuit Court must therefore be reversed, and the case remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*