(74 App. Div. 68.)

### WARD v. NAUGHTON et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

MASTER AND SERVANT—ACTION FOR INJURIES—FAILURE TO GIVE WARNING—
SAFE PLACE TO WORK—FELLOW SERVANTS. ·

Two forces of men, employed by defendant in digging two trenches towards each other, had reached a point where a wall of rock only two feet thick separated them, when a blast was set off, without sufficient warning, in one of the trenches, tearing down the rock wall and injuring plaintiff, who was employed in the other trench. Held, that defendant was not liable, as having failed to provide a safe place for plaintiff to work, but that the injury was due to the negligence of plaintiff's fellow servants, the risk of which he assumed in engaging in the work, whether such negligence was that of the foreman in charge or of some other workman.

Goodrich, P. J., and Bartlett, J., dissenting.

Appeal from trial term, Queens county.

Action by Michael Ward against Bernard Naughton and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas C. O'Sullivan (Emmet J. Murphy, on the brief), for appellants.

Stephen C. Baldwin, for respondent.

WOODWARD, J. The defendants, under the firm name of Naughton & Co., are engaged in excavating for the rapid transit subway in the borough of Manhattan. At the time of the accident in which it is conceded the plaintiff was injured, two gangs of workmen were employed,—one in a trench from the north, and the other in a trench from the south, near one of the entrances to Central Park. These men were drilling and digging the rock, and had approached each other until there was only a wall of rock about two feet in thickness between them, and this was being drilled on either side and charged with dynamite for the purpose of blasting out the intervening rock. The plaintiff was in one of these trenches, and while there a blast was fired in the other trench, throwing down the partition between the two parties of workmen, and resulting in the injuries for which the plaintiff seeks recovery. The plaintiff's complaint alleges negligence as to various matters, but upon the trial all of these were abandoned, with the single exception of the question of whether the defendants gave the plaintiff adequate warning of the intention to fire the blast to enable him to get into a safe position. The jury, upon this question, has found, upon what appears to be sufficient evidence, that the defendants gave no adequate warning, and the question is here presented whether the judgment in favor of the plaintiff may be sustained. The defendants urge that the plaintiff has failed to establish any neglect of a duty owed by them to the plaintiff, and the question is fairly before this court, upon appeal, whether the defendants owed the duty of giving adequate notice to the plaintiff of the intention of firing the blast.

The rule is well established in this state that the master is liable only for the neglect of some duty which was his to perform, and not for the negligence of a competent person, by which a fellow servant is injured. Cullen v. Norton, 126 N. Y. 1, 6, 26 N. E. 905. The trench was the place where the work was to go on, and the master was bound to make it a reasonably safe place for such work, considering its character and the necessarily dangerous nature of the work itself. For the manner in which the persons employed in the trench should themselves perform their work, no neglect of proper care in the selection of such workmen being shown, the master was not liable. Cullen v. Norton, supra. The work of blasting rock, under the circumstances disclosed by the evidence in this case, must of necessity be attended with dangers; and the defendants having provided a competent foreman, and intrusted him with the details of the work, they cannot be held responsible for the neglect of the foreman to give an adequate warning to the plaintiff. The neglect, if there was neglect, was that of a fellow servant, and not of a duty which the defendants owed to the plaintiff. The effort to divide up the duties of the defendants' foreman, and to hold that in superintending the drilling of the holes, in filling them with powder or dynamite, and in preparing the blast and discharging the same, he was to be regarded as a fellow servant, while in the matter of giving warning he was to be regarded as the alter ego of the defendants, is a refinement of the rules of negligence which has never yet been sanctioned by the ap-

pellate courts of this state; and we are not willing to be the pioneers in extending the doctrine of liability on the part of employers beyond the well-established limits fixed by the law. Within the rules applicable to this case, the plaintiff and the others there engaged in the service of the defendants, including the foreman, were co-servants engaged in a common employment; and the common master cannot be held responsible for injuries caused to any one of them through the carelessness of any of the others. Filbert v. Canal Co., 121 N. Y. 207, 212, 23 N. E. 1104; Perry v. Rogers, 157 N. Y. 251, 258, 51 N. E. 1021; Kimmer v. Weber, 151 N. Y. 417, 422, 45 N. E. 860, 56 Am. St. Rep. 630.

It has not been understood to be the rule in this state that, in the performance of work of this character, the master, after making the place in the first instance reasonably safe for the prosecution of the work, has any duty to perform, other than in the furnishing of safe appliances, and the employment of competent and skillful employés. Under the guise of an application of the rule requiring a master to furnish a reasonably safe place for his servants to work in, other attempts have been made to deprive a defendant of the benefit of another equally well-settled and just rule of the law of negligence,— that a party shall not be held responsible to a servant for an injury occasioned by the neglect of competent co-employés. Such an attempt was made in the case of Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; but it was there held that the obligation of the master to provide a reasonably safe place and structure for his servants to work upon does not oblige him to keep the building they are engaged in erecting in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow servants. Perry v. Rogers, 157 N. Y. 255, 256, 51 N. E. 1021. We do not find a case in this state in which the facts are identical with those involved here; but it seems to us that the principle is well settled, and that when the plaintiff accepted employment in the work the defendants assumed no other duty than that of furnishing a reasonably safe place in which to work, having in mind the task to be accomplished, and the employment of competent fellow servants, furnished with reasonably safe tools and appliances for the accomplishment of the work, and that the defendants were under no more obligation to give the plaintiff an adequate warning than they were to give the plaintiff notice of an overhanging rock, as in the case of Perry v. Rogers, supra. The giving of a warning before the explosion of a blast was merely an incident of the work, and it was one of the details which the defendants might properly intrust to a skillful foreman and competent workmen. The plaintiff knew the general character of the work. He knew that the defendants were not there to give warning, and that his only reliance was upon the skill and care of those who were engaged in the work. If he chose to accept the employment, and the defendants neglected no duty which they owed him, he must be deemed to have accepted the risks incident to the work in hand, and he cannot recover for his injuries without doing violence to the established law of this state.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., who reads for affirmance, and BARTLETT, J., who votes for affirmance on the doctrine of Stone Co. v. Mooney, 61 N. J. Law, 253, 39 Atl. 764, 39 L. R. A. 834.

GOODRICH, P. J. (dissenting). Two gangs of workmen employed by the defendants were drilling and digging rock in two trenches for the rapid transit subway in Manhattan. These trenches were approaching each other from the north and from the south, respectively, and at the time of the injury to the plaintiff they had so nearly met that there was only a wall of rock one or two feet in thickness between them. The plaintiff was in one of the trenches, with several other workmen, when a blast was set off in the other trench, whereby the intervening wall was shattered and fell upon the plaintiff, causing him injuries for which he has recovered a verdict of $4,750; and from the judgment thereon the defendants appeal.

The plaintiff's contention is that the blast was fired without any warning. His counsel said, "I am going to the jury on the sole question of warning." The defendants contend that adequate warning was given, and, if it was not, that the failure was that of a fellow servant who had charge of that duty. In its charge the court said that the only negligence claimed was the failure to give adequate notice to the plaintiff that a blast was about to be fired, and that any neglect to give adequate notice was not the negligence of a fellow servant. The court submitted to the jury simply the question whether or not adequate notice was given; charging that, if not given, the defendants were liable, if the failure to give such notice was the cause of the accident.

We have thus a simple and clearly defined question,—whether adequate notice was given,—irrespective of the question as to whose duty it was to give notice of the firing of the blast. The trial was had upon the theory that such duty rested upon one of the defendants' servants, but there was evidence tending to show that no sufficient warning was given by any one. The plaintiff and several of his witnesses who were in a position to hear the warning, if any was given, testified that none was given, so far as they heard; and others, that none was given. It is true that a larger number of witnesses for the defendants testified with great minuteness and particularity that such warning was given in a loud tone, and that flags were waved or put up to prevent the approach of any one. Upon this question the jury have found for the plaintiff, and I see no such preponderance of evidence as to require us to interfere with their verdict.

We are not cited to any authority in this state upon the precise question raised by the defendants,—that the foreman, Carroll, was a fellow servant of the plaintiff; but there is a well-considered case in New Jersey (Stone Co. v. Mooney, 61 N. J. Law, 253, 39 Atl. 764, 39 L. R. A. 834),—a case very similar to the one at bar,—where it was the duty of a foreman to supervise the preparation of each blast, to light the fuse and fire it, and to give warning, by a cry of "Fire!" so that the workmen in the quarry might run out of danger. The court

held that the giving of warning bore no direct relation to the foreman's·work in preparing and firing the blast, saying:

"If the danger was not foreseen, and proper warning given, the quarry became an unsafe place for the workmen, but it was made reasonably safe ᵥif such warning was given. It seems clearly to follow that on him whose duty it was to take care that the place should be kept safe was cast the duty· of giving timely warning. We conclude, therefore, that it was part of the defendant's duty to the plaintiff that proper care should be exercised in giving warning of an expected blast. In selecting the person who was to fire the blast as the person to give the warning, the defendant probably chose the man best able to perform that duty; but as the defendant's responsibility extended beyond the selection of an agent, and included the warning itself, it must answer for negligence in the giving of warning, no matter how fit was the chosen agent."

The logical force of this opinion impresses me. Assuming that it was the duty of the foreman to give warning, the giving of such warning is in no sense a detail of the work of blasting. It is a separate and distinct duty, and this duty·is that of the master, and not of a servant; embracing, as it does, the duty of providing a safe place for the workmen. The safety of the place in the case at bar depended upon the guards and precautions which the master used, and one of these precautions was the adequate warning that a blast was about to be fired. The foreman, Carroll,· ordered the setting off the blast. In all that occurred up to that time, he and the plaintiff were fellow servants; doing the same work in common. But the accident to the plaintiff was not caused by any negligence of Carroll in the preparation and firing of the blast. That work had been completed. There was the additional and separate duty of giving adequate warning resting upon some one. The defendants have failed to show upon whom it devolved, and we are not in a position to say whether it was the duty of the foreman or some one of the workmen, and hence we are unable to say that the neglect was or was not the neglect of a fellow servant of the plaintiff.

Defendants' counsel excepted to· the portion of the charge "that any neglect to give adequate notice is the fault of the master." The correctness of the charge in that regard might be considered, except for the fact that there is no evidence upon which we can predicate that it was the duty of the foreman to give warning, and also for the ᵢact that the theory upon which the action was tried was that, no· matter whose duty it was to give notice, no adequate notice was given by any one; and upon this question, as already stated, the jury have found in favor of the plaintiff.

I find no reversible error, and think that the judgment should be affirmed.