### GALOW v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1904.)

No. 979.

1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.

Where a partition made of planks nailed to piles under a railroad trestle was temporarily erected to separate piles of broken stone and sand dumped under the trestle, to be used in making certain concrete foundations, and such partition was put up, taken down, and transferred as the

work progressed by the workmen themselves, the master was not liable for injuries to a servant caused by his being struck by three of the planks which fell from the top of the partition by reason of their being insufficiently secured.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The action in the Circuit Court was to recover for personal injuries sustained by plaintiff in error, while at work on the railway tracks of the defendant in error, near Janesville, Wisconsin. The substantial facts brought to the attention of the court and jury were without dispute.

The tracks of the defendant in error entering Janesville, Wisconsin, pass over a high trestle on wooden piles. At the time of the injury complained of, the defendant in error was engaged in constructing concrete piers to support the tracks at their under crossings, in which work a large force of men was employed. To carry on this work, crushed stone and sand was, from time to time, unloaded from cars on the trestle to the ground below; and to separate the stone from the sand, a temporary wooden partition about sixteen feet high had been put up. The partition consisted of planks laid on edge crosswise of the trestle, and nailed to the upright piles. The partition was put up by the men themselves. At times the stone heap lying on one side of the partition would rise in the middle to a height of twenty feet; the sand heap on the other side being somewhat lower; but both the stone heap and the sand heap were in constant change, as stone and sand was being carried off by the workmen, in the progress of the work.

Plaintiff in error was, at the time of the injuries, engaged with others in wheeling stone from the pile to a mixer near by. Nearly all the stone had been removed, but the partition still remained. In this state of things, while engaged in loading a wheelbarrow, three of the top planks fell from the partition upon the back of the plaintiff in error, inflicting the injuries for which the action was brought.

The further facts are stated in the opinion of the court. At the close of all the evidence, the court, on motion, directed a verdict for the defendant, and from the judgment entered on such verdict, the writ of error is prosecuted.

Richard Fischer, for plaintiff in error.

Charles B. Keeler, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court.

It is clear that the partition fence was of the simplest kind of construction, requiring no skill—a mere temporary appliance to the work being done. It was put up, taken down, and transferred, as the work progressed, and the piles of sand on one side, and of stone on the other, rose or fell away from day to day.

It is equally clear that the erection, maintenance, and removal of the fence, was one of the details of the work necessarily entrusted to the workmen themselves. To the mere adjustment of such appliances, and their maintenance in a safe condition, the responsibility of the master to give a safe place in which to work, does not extend. Armour v. Hahn, 111 U. S. 318, 4 Sup. Ct. 433, 28 L. Ed. 440; Butler v. Townsend, 126 N. Y. 112, 26 N. E. 1017. This, indeed, is not a case where the master failed to give the servant a safe place in which to work. It is a case, rather, in which a servant in the performance of his work, was overtaken by an accident, due to the giving away of an appliance for the strength and safety of which he, along with the other workmen, was responsible.

The judgment will be affirmed.