## William Grace Co. v. Patrick Gallagher.

### Gen. No. 13,508.

ASSUMED RISK—*when doctrine of, applies.* One engaged in the erection of a new building assumes the risk of accidents which, under ordinary circumstances, would not occur, but which could not reasonably be anticipated and guarded against by the master.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1907. Reversed. Opinion filed November 11, 1907.

F. J. CANTY and R. J. FOLONIE, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee and against appellant, for the sum of $995 and costs. It is averred, in the declaration, substantially as follows: The defendant, January 16, 1903, was engaged as a contractor in the erection of what was known as the new Rock Island depot, in the city of Chicago, and had in its employ certain servants, among whom was plaintiff, who was then engaged as a stone mason in laying the foundations of certain coal sheds, under certain tracks elevated, to wit, twelve feet above the ground; and, while plaintiff was so engaged, the defendant was engaged in carrying coal, by means of barrows, along a certain runway above and over the plaintiff, and defendant, without any care for plaintiff, so negligently wheeled and conveyed said coal that a large lump thereof fell from said barrow and struck plaintiff on his knee and injured him. The defendant pleaded the general issue, the jury found for the plaintiff and assessed his damages at the sum of $1,000, for which sum the plaintiff remitted $5, and the court,

after overruling defendant's motions for a new trial and in arrest, rendered judgment for $995.

Counsel for defendant contend that there is no evidence to support the verdict; that the happening of such an accident as occurred was a risk which plaintiff, by his contract of employment, assumed; that there were errors in the rulings of the court on evidence, and that the verdict is excessive.

Only one witness, John Regan, claims to have witnessed the cause of the accident. The plaintiff testified that January 16, 1903, he was working for the defendant on the wall of a building, in the rear of the main depot, which is on Van Buren street; that the building on which he was working was separate from the main depot; that he was laying common rubble stone in a ditch in the ground, four feet deep, when some one called, "Look out," and he raised his head and a lump of coal as large as a hat, which was more of a slate than coal, fell and struck his knee; that he then stood up and, when standing, was two feet higher than the bank of the ditch, and fell back on the bank, and saw over him a man called Charley down on his knees, or hands and feet, and barrow turned. He further testified that Charley had wheeled stone to him the day before the accident until about three o'clock, when the foreman put him to wheeling coal.

John Regan testified that he was at the gate, on the west side of the building, on the morning of the accident, looking for a job, and he stood by the gate, and plaintiff was working in a ditch, where there were columns fifteen or twenty feet apart, and a man was going up the runway with a barrow of coal, and happened to touch a column, and the coal fell over, and the fellow said, "Look out," and plaintiff stood up, and the coal fell on his knee, and witness walked away. The following occurred on the cross-examination of this witness:

"Q. Now, tell us again just what you saw just before the accident? A. Well, there was a lot of snow,

I suppose that was accidental, that the man slipped on the runway going up. I know that there was snow. He happened to slip, and the lump of coal fell down and hit him, and I left.''

Peter Murphy, witness for plaintiff, did not see the accident, but he testified in chief that he saw the man who wheeled the barrow stop the barrow at the engine, and, on cross-examination, he testified that the engine was used for hoisting material to the roof.

The foregoing is substantially all the evidence as to the accident, and it simply amounts to this, that there was snow on the runway, and that the man who was wheeling the barrow slipped on the runway, and the barrow turned and the piece of coal which hit the plaintiff's knee fell from the barrow. There is no averment in the declaration that the runway was improperly or insufficiently constructed, or that it was not in proper condition, nor is either of these things claimed; nor is it claimed that the wheelbarrow man was careless or negligent in walking on the runway.

In Hunter v. Kansas City & M. Ry. & Bridge Co., 85 Fed. R. 379, decided by the Circuit Court of Appeals, Sixth Circuit, in February, 1898, the syllabus, which is correct as shown by the opinion, is: ''When the cause of action is based on the declaration that a fellow employe negligently, carelessly and wantonly released his hold upon a post he was lowering into a hole, thus causing plaintiff's injury, and the proof shows that he slipped and lost his hold on the post because of the slippery character of the ground, and no other negligence is shown, there can be no recovery.'' The court, in the opinion, say: ''That his slipping was due to any carelessness in placing his feet, or in holding the post, is not shown. The absence of due care is not to be inferred from these facts. The burden of proof was upon the plaintiff to establish the want of due care, and this burden was not shifted by evidence that Snowden slipped, and thereby lost his hold; the slipping being explained by the evidence as

to the character of the ground on which he was standing and of the work he was engaged in. 'Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do.' Blyth v. Waterworks Co., 11 Exch. 784. There is no evidence that all the precautions necessary to the seeming exigencies of the situation were not observed to avoid hurt to others. The injury was clearly accidental.''

So far as appears from the evidence the cause of the alleged injury to plaintiff was a mere accident, for which the defendant is not liable.

In the case of a new building being erected, or an old one being torn down, accidents may happen which would not occur under ordinary circumstances, and which cannot be anticipated or guarded against, and for which the master is not liable on the ground that an employe, by his contract of employment, assumes the risk of such accidents. This is recognized in numerous judicial opinions. McCain Co. v. Kingsley, 126 Ill. App. 165; Richardson v. Anglo-American Prov. Co., 72 ib. 77; West. Wrecking & L. Co. v. O'Donnell, 101, 492; Merchant v. Mickelson, ib. 401; Chicago Edison Co. v. Davis, 93 ib. 284; Clark v. Liston, 54 ib. 578; Armour v. Hahn, 111 U. S. 313.

It is not necessary, however, to base our decision on the doctrine announced in the cases cited, as our conclusion from the evidence is that the defendant was not negligent as charged in the declaration.

The judgment will be reversed.

*Reversed.*